NEWMAN v. PEAY.

Opinion delivered April 19, 1915.

1. ADVERSE POSSESSION—BURDEN OF PROOF.—In an action involving the boundary between two lots of ground, the defendant set up, among others, the defense of adverse possession; held, under the pleadings it was not error to charge the jury that the burden of proof was upon the plaintiff and that he must establish his case by a fair preponderance of the evidence.

2. APPEAL AND ERROR—INSTRUCTIONS—INACCURACY.—Before the plaintiff can be heard to complain of the court's refusal to instruct upon a given issue, it is his duty to ask a correct instruction upon that issue.

3. ADVERSE POSSESSION—BURDEN OF PROOF.—On the issue of adverse possession the burden is always on the party who asserts it.

4. VERDICT—INDEFINITENESS—VALIDITY.—In an action over a disputed boundary the verdict was "we the jury find for the defendant, his line being from the corner of the barn to the retaining wall." Held, although the verdict was indefinite, when read in the light of the pleading and proof it could easily be interpreted, and it was proper for the trial court to render judgment thereon.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; affirmed.

*A. J. Newman* and *Marshall & Coffman*, for appellant.

When appellee set up title by adverse possession as a defense, the burden of proof shifted to him to establish that plea. 65 Ark. 426. The court erred in refusing to instruct the jury that the burden of proof was on the defendant to prove adverse possession, and also in charging the jury that the "burden of proof is upon the plaintiff and he must establish his case by a fair preponderance of the evidence."

No brief filed for appellee.

McCULLOCH, C. J.   This is an action to recover possession of three and a half feet of ground along the boundary line of certain lots in the city of Little Rock. The plaintiff and defendant are, respectively, owners of contiguous lots, and the controversy arises over the question whether the strip in controversy along the boundary

is on plaintiff's side of the line or defendant's. The parties deraign title to the lots from a common source, and the testimony tends to show that the defendant had been in possession of the disputed strip for about twelve years. Plaintiff bought the adjoining lots a few years ago and claimed that he made inquiry of the defendant concerning the boundary line and bought on the faith of defendant's representation. That claim is disputed by defendant, who denies that the strip in controversy lies within the boundary of plaintiff's lots, and also sets up the defense of adverse possession for a period of more than seven years. The trial jury returned a verdict in favor of the defendant, and in the verdict described what the jury found to be the true line. The plaintiff has appealed.

The evidence is sufficient to sustain the verdict in defendant's favor.

(1.) It is insisted, however, that the court committed errors in its charge to the jury. In the first place, error of the court is assigned in telling the jury that "the burden of proof is upon the plaintiff and he must establish his case by a fair preponderance of the evidence." Under the issues as presented by the pleadings, the burden upon the whole case was on the plaintiff, and the court was correct in so declaring the law to the jury. It is true the principal issue in the case was that of adverse possession, but it was not the sole issue, inasmuch as there was a denial of the allegation that the strip was within the boundaries of the lots owned by plaintiff and the evidence was conflicting on that issue.

(2-3.) Error is also assigned in the refusal of the court to give an instruction requested by plaintiff in the following words: "The burden of proof is upon the defendants to prove adverse possession to the land in controversy." Now, the language of the instruction is that used by this court in one of its decisions (*Nicklace* v. *Dickerson*, 65 Ark. 422), but it does not follow that it is appropriate for use in an instruction to the jury. On the issue of adverse possession, the burden is always on the party who asserts it, but the particular language em-

ployed in this instruction might have led the jury to believe that the court meant that the question of adverse possession was the only issue in the case, when as a matter of fact there was another issue, namely, that of the location of the strip in controversy. Before the plaintiff can be heard to complain of the court's refusal to instruct upon a given issue, it is his duty to ask a correct instruction, and the action of the court in refusing an inaccurate instruction is not grounds for reversal, even though the idea embraced in the instruction was a correct one.

The issue as to adverse possession was properly submitted to the jury on an instruction which was fair to the plaintiff and was in accord with the many decisions of this court on that subject. There was evidence that even though a mistake was made as to the boundary, the defendant had held for the statutory period under a hostile claim of ownership, and that the bar of the statute was complete.

(4) The form of the verdict is as follows: "We, the jury, find for the defendant, his line being from the corner of the barn to the retaining wall." The verdict is indefinite unless aided by other parts of the record, but when read in the light of the pleadings and the proof in the case it can easily be interpreted, and the trial court was correct in rendering judgment thereon in favor of the defendant. *Russell* v. *Webb,* 96 Ark. 190.

It is manifest that the jury found the facts in favor of the plaintiff on the issue as to the true location of the original boundary line between his lots and those of the defendant, but found in defendant's favor on his plea of adverse possession. The jury found that defendant has perfect title by adverse possession to all of the space between his lots described on the plats and a line running from "the corner of the barn to the retaining wall." In other words, the jury found that the barn and the retaining wall constituted natural barriers beyond which defendant's possession either did not extend at all, or was not hostile, and that a line drawn between those two

points would delimit the extent of the defendant's adverse possession. The words "corner of the barn" used in the verdict mean the whole front of the barn on the side next to defendant's lots, for the undisputed testimony shows that the barn was built and occupied by plaintiff's grantor and that defendant has never been in possession of any portion of it. The words necessarily refer to the full space occupied by the barn, including the eaves, for there could not have been any adverse occupancy by defendant of any part of that space. The verdict therefore must be considered as having awarded to defendant all of the land lying west of a line drawn from the west side of the barn (treating the eaves of the building as the outer line) to the retaining wall, and as having settled the title of the plaintiff to all of the land lying east of that line.

It is insisted that the verdict awarded to the plaintiff a portion of the land sued for, and that judgment should have been rendered in his favor for possession of that much of the land. Under the evidence adduced, the jury could and did doubtless find that defendant was not claiming possession of the land on plaintiff's side of the line mentioned in the verdict. The area on that side of the line amounts to a mere trifle, and as the jury found that defendant was not claiming it the court properly rendered judgment for costs against plaintiff. Inasmuch as plaintiff failed to recover the disputed strip of land, the costs were properly awarded against him.

Judgment affirmed.