SWINTON *v.* CUFFMAN.

Opinion delivered June 9, 1919.

1. EXECUTORS AND ADMINISTRATORS—PARTIES.—The administratrix of the estate of a deceased mortgagee is a proper party to bring foreclosure suit.

2. APPEAL AND ERROR—NECESSITY OF OBJECTION—DEFECT OF PARTIES. —In a suit to foreclose a mortgage, the objection that there was a defect of parties because the trustee in the mortgage was not made a party plaintiff is waived on appeal where it was not raised in the court below.

3. MORTGAGES—FORECLOSURE—PARTIES.—Where a trustee in a mortgage or deed of trust was not nominally a party plaintiff for the purpose of foreclosing the trust deed, but was in fact a party by his intervention, the court had all the parties in interest before it, and could protect their rights.

4. APPEAL AND ERROR—UNNECESSARY QUESTIONS.—The contention that deceased's books of account were erroneously admitted in evidence to prove an indebtedness need not be disposed of where the undisputed evidence shows that defendants had a settlement therefor with the decedent.

5. WITNESSES—COMPETENCY—ATTORNEY AS WITNESS.—In an action by an administrator to foreclose a mortgage, an attorney who stated that he was not employed by deceased as attorney, and was merely a trustee, was a competent witness to prove conversations with decedent.

Appeal from Clark Chancery Court; *Jas. D. Shaver,* chancellor; reversed.

*H. E. Rouse,* for appellant.

1. The demurrer should have been sustained and it was error to overrule it because Haynie, the trustee, was

not retained as a party plaintiff. He was a real party in interest and could alone maintain the suit. Appellee was not a proper party and without legal capacity to sue. Kirby's Digest, § § 5999-6002.

2. Cuffman's books were inadmissible as evidence. No testimony was introduced that the books were regularly or fairly kept as books of original entry of either a deceased merchant or trader keeping accounts for goods or wares, etc., sold or labor done as required by Kirby's Digest, § 3071. But appellants introduced competent testimony to repel charges against Swinton for the sums specified in the books. No foundation was laid nor competent testimony introduced that Cuffman had the reputation of keeping correct books. Kirby's Digest, § 3072. It was not shown that they were books of original entry kept in his handwriting, or that he had the reputation of keeping correct books, or that the entries therein were contemporaneous with the facts recorded. The books should have been excluded as no proper foundation was laid. 60 Ark. 333; 65 *Id.* 320; 17 Cyc. 368, note 74, citing 65 Ark. 316. Kirby's Digest, § § 3071-2.

The testimony shows conclusively that the books were not correctly kept. Cuffman said the balance owing was only $50 and he should have known appellee is bound by his statement, as it was one against his interest. 123 Ark. 266. He up to the time of his death claimed that appellants owed him more than $50 and appellee can not treat the compromise as null and void and sue for the full amount, but her remedy was to sue on the compromise for the balance unperformed. 85 Ark. 439; 89 *Id.* 390.

As the court did not require the proper foundation to be laid to introduce the books, under no circumstances should this court affirm the judgment without allowing appellants to show by competent evidence that the proper credits had been given and the books incorrectly kept. Haynie's testimony was competent. He was a plaintiff and so continued until the date of the decree. Cuffman chose him as a trustee in the deed of trust. He was not

interested in the outcome of the suit and was not an opposite party to appellee, claimed no interest in the lands in the amended complaint foreclosed and was not pursuing nor being pursued by appellee and was not antagonistic to appellee and claimed no adverse rights against the estate. He was either a plaintiff or not a party to the suit and could be called as a witness as to all conversations and transactions with Doctor Cuffman. Kirby's Digest, § 3093; 106 Ark. 504-5; 43 *Id.* 307; 197 S. W. 1170; 203 *Id.* 1009; 46 Ark. 309-10; 79 *Id.* 414.

There is absolutely no proof that Haynie was Cuffman's attorney in this matter. He was simply acting as trustee for Cuffman and not as attorney. 40 Cyc. 2365, 2375-6. See also 112 Ark. 277. Haynie's testimony was competent. *Supra.* The decree is against the clear preponderance of the competent evidence, and if appellants owed anything it was not exceeding $50 and interest.

*John H. Crawford* and *Dwight H. Crawford,* for appellee.

1. The demurrer was properly overruled. It challenged the complaint because it did not state facts sufficient to constitute a cause of action and (2) that plaintiff was not a proper party plaintiff and was without legal capacity to sue. A good cause of action was stated. Kirby's Digest, § 6093, subd. (5).

2. Plaintiff was a proper party plaintiff and had legal capacity to sue. The demurrer did not specifically raise the question and was waived by pleading over. 33 Ark. 497; 93 *Id.* 215; Kirby's Dig., § 6094; 122 Ark. 566; 95 *Id.* 33; 43 *Id.* 230; 48 *Id.* 454; 45 *Id.* 392; 44 *Id.* 202; 49 *Id.* 277.

3. The account book of J. H. Cuffman, deceased, was admissible in evidence. Kirby's Digest, § 3071; 10 R. C. L. 1174, § 373; 101 Cal. 326; 35 Pac. 871; 2 Mass. 217; 3 Am. Dec. 45. See also 10 R. C. L., § 371, p. 1171.

4. The burden of proof to show payments and application thereof to the mortgage debt was upon appellants and that burden was not discharged by them. The

chancellor so found and his findings on the whole case should be sustained.

WOOD, J. This action was brought by the appellee as administratrix of the estate of J. H. Cuffman against the appellants. The action was based on a promissory note in the sum of $952.85, which the appellants had executed to J. H. Cuffman and to secure the payment of the note they had also executed a deed of trust on 180 acres of land in Clark County. W. E. Haynie was named as trustee.

Appellee alleged that Cuffman died March 17, 1917, and that she was duly appointed administratrix of his estate; that appellants executed the note March 23, 1913, which was due January 1, 1914; that the sum of $950 had been paid on the note, leaving a balance due of $240.79, for which she prayed judgment. She asked that same be declared a lien on the lands described in the deed of trust and if the judgment be not paid that the land be sold to satisfy her claim.

The appellants demurred to the complaint in the court below, one of the grounds being that appellee "was not a proper party and was without legal capacity to sue." The demurrer was overruled.

The appellants answered, denying that they were indebted to the estate of Cuffman. They alleged that the estate was indebted to them and asked for judgment against the estate.

W. E. Haynie intervened and asked to be made a party and set up that he had acquired title to the lands described in the deed of trust and denied that appellee had a right to foreclose the same and asked that the suit be dismissed.

After hearing the testimony the court rendered a decree in favor of the appellee against the appellants for the sum of $298 with interest and declared the same a lien on certain of the lands described in the decree.

Appellants by this appeal seek to reverse the decree.

The appellants contend, first, that the court erred in overruling their demurrer for the reason that W. E. Hay-

nie, the trustee in the deed of trust given to secure the note upon which the suit was based, was not named as a party plaintiff. In other words, the appellants say that the trustee was the real party in interest and that he alone could maintain the suit.

Appellants did not raise this objection in the court below. Their specific objection was that appellee was not a proper party and was without legal capacity to sue. There is no doubt that the administratrix of the estate of a creditor who desired to foreclose a mortgage taken in his name is a proper, even if not a necessary, party to a suit. The administratrix is the legal representative of the estate for the purpose of collecting all debts due the estate and before there could be a foreclosure of the mortgage it would have to be ascertained that there was an indebtedness which the mortgage was given to secure against the debtor and in favor of the estate. As the mortgage was taken for the benefit of the estate the administratrix was at least a proper party to bring suit and to establish the claim in favor of the estate. But appellants now contend here for the first time that there was a defect of parties because the trustee in the mortgage was not also made a party plaintiff. That particular objection not being raised in the court below was waived by the appellants and can not be taken advantage of here for the first time.

In *Murphy* v. *Myer,* 95 Ark. 33, we said: "It is provided in 6093, Kirby's Digest, that a demurrer may be interposed upon the ground that there is a defect of parties. This must specifically be made a ground of demurrer." By section 6094, Kirby's Digest, it is provided, "that the demurrer shall distinctly specify the ground of objection to the complaint; unless it does so it shall be regarded as objecting only that the complaint does not state facts sufficient to constitute a cause of action." See also *Love* v. *Cahn,* 93 Ark. 215.

Moreover, although the trustee was not nominally a party plaintiff for the purpose of foreclosing the deed of trust, he was in fact a party to the suit by his interven-

tion. The court, therefore, had all of the parties in interest before it and could make all the necessary orders protecting their rights.

Haynie, the trustee, is not complaining and has not appealed.

It is also contended by the appellants that the books of account of J. H. Cuffman were erroneously admitted and considered in evidence for the reason that no sufficient foundation was laid for their introduction.

The view we entertain upon another branch of the case makes it unnecessary to dispose of this contention. For it may be conceded for the purposes of this decision that the books of Cuffman were properly introduced and that these books tended to prove an indebtedness of the appellants to the estate of J. H. Cuffman in the amount claimed. Nevertheless appellants contended and the undisputed evidence shows that the appellants had a settlement with J. H. Cuffman before his death. Haynie testified on this point as follows:

"I was trustee in mortgage appellants gave Cuffman on their land; Cuffman told me amount they owed on the note and mortgage; he said that Swinton owed him eleven hundred and twenty some odd dollars; Cuffman asked me if I would help Swinton get a loan on the land; I told him I thought he could get $1,000 loan on place; Cuffman then stated that he had sold Swinton a mule for $125, and he would take the mule back, and the $1,000 cash and that would pay the note and settle the matter. They were unable to get loan on account of being negroes. I tried to get Cuffman to take deed to place and get loan and pay himself; said he didn't want to be bothered with it, and asked me to take a deed to place and get loan on it. I took deed to lands, borrowed $1,000 on the place, which cost a commission of $50, and $950 was paid to Doctor Cuffman on the mortgage. Cuffman released lands in his mortgage called the home place. * * * The mule was returned and $950 paid to Cuffman, which Cuffman said paid all but $50. Cuffman didn't have me employed as his attorney to attend to this matter; paid me no money

for my services in this matter; I have no interest in this matter one way or another, and will be affected by no judgment that may be rendered in this matter."

The record shows that the appellee amended her complaint so as not to include the lands that were claimed by intervener Haynie and the decree did not embrace those lands. Haynie, as the pleadings and his testimony show, had no interest in the final termination of the cause and was at most a mere nominal party to the suit. He was, therefore, a competent witness to prove any conversations and transactions between Cuffman and the appellants. *St. Louis, S. F. R. R. Co.* v. *Fithian,* 106 Ark. 504; *Walden* v. *Blassingame,* 130 Ark. 448 (197 S. W. 1170); *Brown* v. *Brown,* 134 Ark. 380, 203 S. W. 1009.

Appellee introduced no testimony to show that Haynie was acting in the capacity of an attorney and that the conversations of Cuffman with him were privileged communications. The testimony of Haynie, on the contrary, shows that he was acting only in the capacity of a trustee. His testimony shows conclusively that appellants and Cuffman compromised any differences and settled whatever indebtedness was due from appellants to the appellee by agreeing to pay to Cuffman the sum of $1,000 and returning the mule. Appellants accepted the terms of the settlement, paid to Cuffman the sum of $950 and returned the mule. Under the terms of the settlement this left the sum of $50 due the estate of Cuffman, for which the appellee should have a decree.

The facts bring this cause within the doctrine announced by this court in *Whipple* v. *Baker,* 85 Ark. 439; *Ingham* v. *Neal,* 89 Ark. 385. For here the facts show that the minds of the parties had fully met and a new agreement had been made, which was accepted in satisfaction of whatever indebtedness there was due from the appellants to Cuffman. The facts thus clearly distinguish this case from the recent case of *Ledwidge* v. *Ark. Nat. Bank,* 135 Ark. 420.

The decree is, therefore, reversed and the cause will be remanded with directions to the chancery court to enter a decree in favor of the appellee against the appellants in the sum of $50, the balance shown to be due on their compromise settlement, and for further proceedings according to law and not inconsistent with this opinion.