BOVAY *v.* McGAHHEY.

Opinion delivered March 29, 1920.

1. BROKERS—RIGHT TO COMMISSION—INSTRUCTION.—Where plaintiff's testimony showed an agreement for one-half of the profits from a sale of land, it was error to instruct the jury to award him a percentage commission based on the sale price.

2. TRIAL—ASSUMING DISPUTED FACT.—An instruction which assumed a disputed fact *held* erroneous.

3. TRIAL—INSTRUCTION.—While a party is entitled to have his theory of the case submitted to a jury, it is his duty to ask a correct instruction.

Appeal from Arkansas Circuit Court; *W. B. Sorrells,* Judge; reversed.

A. C. McGahhey sued Harry E. Bovay to recover the sum of $600 claimed to be due him for commissions on the sale of a farm. The parties to the suit were the principal witnesses in the case, and both resided at Stuttgart, Arkansas.

According to the testimony of A. C. McGahhey, he met Harry E. Bovay on the streets of Stuttgart, in February, 1918. McGahhey had a deal with a Mr. Broussard for the sale of a tract of land to him. He told Bovay that he had a party who wanted to buy some rice land, and that if Bovay would furnish the land he would furnish the purchaser and they would divide the profits. Bovay agreed to this. A little later Bovay again met McGahhey on the street and told him he thought he could arrange to get the Morehead farm west of Stuttgart. They thought they could get the place for about $75 per acre, and that they could sell it to Broussard. That afternoon McGahhey and Broussard examined the place, and Broussard seemed very well pleased with it. McGahhey reported to Bovay that he had shown Broussard the Morehead farm, and that he thought Broussard was interested. Later McGahhey carried Broussard to Bovay's office and left them there talking about the farm. A little later McGahhey found out that Broussard had bought another farm containing 160 acres from Bovay. He asked Bovay about it. Bovay said that he had been unable to get the Morehead farm and had sold Broussard another farm which he owned. McGahhey told Bovay that he expected a 5 per cent. commission, and Bovay said that he did not owe McGahhey any commission. McGahhey threatened to sue Bovay for a commission, and Bovay at first said that rather than pay McGahhey a commission that he would not make the deal with Broussard. McGahhey told him to go ahead and make the deal with Broussard, but declined to release him from his claim for a commission. Bovay paid $8,000 for the farm and sold it to Broussard on a credit for $12,000.

According to the testimony of H. E. Bovay, he did not owe McGahhey any commission. He talked with McGahhey about the Morehead farm and told him that if he purchased the farm he would consider selling it to Broussard and dividing the commission with McGahhey. He said that he had known for some time that Broussard wanted to buy a farm before McGahhey told him of that fact. He said that he never had any conversation with McGahhey except with regard to selling the Morehead farm to Broussard. Before he made the sale to Broussard, Bovay told McGahhey that he would not make the sale if the latter was going to claim any commission. McGahhey replied that he would not claim any commission, and, relying on this statement, Bovay completed his contract with Broussard for the sale of the tract of land. He took in part pay a house and lot in Stuttgart valued at $2,500 on which there was a mortgage for $1,000 which Bovay paid. Broussard kept possession of the farm for about two years without making any further payments on it and a foreclosure suit will be necessary to get the balance of the purchase price.

The jury returned a verdict in favor of the plaintiff in the sum of $600, and from the judgment rendered the defendant has appealed.

*Kinsworthy, Henderson & Kinsworthy,* for appellant.

1. The court erred in refusing the first instruction asked by defendant, as there was no evidence to sustain it or the verdict.

2. The court erred in the instruction given on its own motion and in refusing defendant's Nos. 6 and 7. 93 Ark. 564; 94 *Id.* 293; 131 *Id.* 124; 95 *Id.* 108. See also 95 *Id.* 506-509-10; 55 *Id.* 393; 57 *Id.* 203; 98 *Id.* 17. The instructions ignored defendant's theory entirely. 107 *Id.* 130; 16 *Id.* 308; 98 *Id.* 347; *Ib.* 17.

*W. A. Leach,* for appellee.

1. The verdict is supported by the evidence. The jury were fully warranted in finding that appellant made

a profit of at least $1,200 on the transaction, and on appeal this court will consider the testimony in its aspect most favorable to the appellee. 97 Ark. 486; 87 *Id.* 109; 97 *Id.* 438.

2. There was no error in refusing appellant's instructions, as they were predicated upon the wrong theory. Appellee funished the buyer as agreed upon and appellant was to furnish the farm; this was the only issue and the theory on which the case was tried, and it was presented under instructions as favorable to appellant as he had a right to ask, and he can not now be heard on a different issue on appeal. All questions of fact were determined by the jury against appellant, and the finding is based on substatial testimony and should be conclusive here.

Hart, J. (after stating the facts). The court instructed the jury that if it should find from the evidence that there was an agreement between plaintiff and defendant that the former should procure a purchaser, and that upon a sale to said purchaser the plaintiff and defendant were to share equally in the profits, and that the plaintiff produced Broussard as a purchaser, and that the plaintiff was the procuring cause of the sale of land in controversy, the jury should find for the plaintiff in the amount sued for, unless it should further find that the plaintiff waived or abandoned his claim for commissions.

According to the complaint, the plaintiff sued for 5 per cent. commissions, and the jury returned a verdict in his favor for $600. The land was sold on a credit to Broussard for $12,000. The amount of commissions at 5 per cent. then would amount to $600. This was the commission sued for and was also the amount for which the jury returned a verdict. It showed that the jury obeyed the instructions of the court in returning its verdict.

The instruction of the court was wrong. It will be noted that the court instructed the jury that if the plaintiff was the procuring cause of the sale of the land to

Broussard it should find for the plaintiff in the amount sued for, unless it should further find that the plaintiff had waived his claim for commissions.

According to the testimony of McGahhey himself he was to receive as commission one-half of the final profits arising from the sale of any tract of land that they might make to Broussard. The sale was made on a credit. Broussard died after holding possession of the land for two years without making any payment except a small one. The profits arising from the sale have not yet been determined and depend upon the result of a foreclosure suit against the widow and heirs of Broussard. Hence the instruction was erroneous in telling the jury that plaintiff was entitled to recover the amount sued for and that error was necessarily prejudicial to the rights of the defendant.

It is next insisted that the court erred in refusing to give instruction No. 7 at the request of the defendant. The instruction is as follows:

"You are instructed that if you find from the evidence that, at the time of the conversation between the plaintiff and defendant with reference to the Morehead farm, that the defendant did not own the farm which was traded by the defendant to Broussard, and that the contract or conversation with reference to the Morehead farm had no reference to the farm which was actually traded, then the defendant would have the right to sell or trade said farm to Broussard and would not be liable to the plaintiff for a commission, as the plaintiff's agency was limited to the sale of the Morehead farm and did not cover the sale or trade of the other farm which was actually traded, and you will find for the defendant."

The instruction is faulty in the form in which it was requested because it, in effect, assumes that the plaintiff's right to recover was limited to a sale of the Morehead farm, when under the testimony that question should have been submitted to the jury. According to the testimony of the plaintiff he was to share in the profits arising from any sale made to Broussard. According to the

testimony of the defendant their whole conversation with regard to a sale to Broussard was restricted to the Morehead place. Hence the court did not err in refusing to give the instruction in question in the form as requested. While the defendant was entitled to have his theory of the case submitted to the jury, it was his duty to have prepared and asked for a correct instruction.

As above stated, the court erred in telling the jury that if the plaintiff was entitled to recover at all, he was entitled to recover the commission sued for.

For this error the judgment must be reversed and the cause remanded for a new trial.