BOLEN *v.* FARMERS' BONDED WAREHOUSE.

Opinion delivered February 21, 1927.

1. WAREHOUSEMEN—PERIOD OF LIABILITY UNDER BOND.—Where the personal surety bond of a warehouse company, executed under Crawford & Moses' Dig., § 10411, specified no particular term, it will be conclusively presumed that it was limited to the year for which the certificate of qualification of its manager was issued, under § 10420, *Id.*, and the sureties were not liable for the value of cotton lost or misappropriated from the warehouse after such year had expired.

2. WAREHOUSEMEN—LIABILITY OF SURETIES.—Personal sureties of a warehouse corporation, under Crawford & Moses' Digest, § 10411, are liable for any loss covered by the bond during the period when the bond is in force, regardless of the time when the goods were placed in the warehouse, but are not liable beyond such period.

3. APPEAL AND ERROR—ISSUES NOT RAISED BELOW.—Issues not raised by the pleadings nor by requested instructions will not be considered on appeal.

Appeal from Polk Circuit Court; *B. E. Isbell,* Judge; affirmed.

*Pipkin & Frederick,* for appellant.

*Norwood & Alley,* for appellee.

SMITH, J. Pursuant to chapter 182, C. & M. Digest, (§ § 10404 *et seq.*) known as the Warehouse and Marketing Bureau Act, a bonded warehouse was organized at Mena under the corporate name of the ''The Farmers' Bonded Warehouse of Mena.'' It is provided in the act

that when its provisions have been complied with by the applicants for a charter thereunder, a charter shall issue, but, before the charter is delivered to the corporation and before the certificate of authority which the incorporators must have is furnished, the corporation shall execute, by its proper officers, a bond payable to the State of Arkansas in such amount as the board of supervisors of warehouses may direct. Concerning this bond the statute provides that:

"The bond shall be that of a bonding and indemnity company authorized to do business in Arkansas, or may be a personal surety bond, and, in the event of a personal surety bond, shall be approved by the board of supervisors of warehouses, and shall be renewed each year."

Among other conditions of the bond is that the corporation will exercise ordinary care in the storing or sale, or both, of the commodities placed in the warehouse by the patrons thereof. Section 10411, C. & M. Digest. A bond conditioned as required by this act was executed and filed on the 4th day of December, 1920, by the warehouse company, which will hereinafter be referred to as the warehouse, and thereafter certain farmers stored cotton therein. Certain bales of this cotton were either lost or wrongfully disposed of by the warehouseman in charge, and the owners of the cotton brought suits, which were consolidated for trial, to recover the value thereof from the warehouse, and the sureties on its bond were made defendants and judgments against them were prayed. The undisputed testimony showed that the cotton was lost or misappropriated by the warehouseman more than a year after the execution of the bond by the warehouse. A verdict was directed against the warehouse, but in favor of its sureties, and judgment was rendered accordingly, from which is this appeal.

Before the institution of these suits the warehouse itself had brought suit against its warehouseman and the sureties on his bond for the loss of this cotton, and it recovered judgment for the value thereof against both the

warehouseman and the sureties on his bond. An appeal was duly prosecuted from that judgment to this court, where the judgment of the lower court was affirmed against the warehouseman, but was reversed and dismissed as to the sureties on his bond. *McMillan* v. *Farmers' Bonded Warehouse Co.,* 169 Ark. 7, 272 S. W. 867.

Section 10420, C. & M. Digest, provides that, before the corporation shall open for business, the officer or employee in active management of its warehouse must have a certificate from the board of supervisors of warehouses as a certified warehouseman, and that, in order to receive such certificate, such person must present satisfactory evidence to the board of his competency to discharge the duties of his position, and, "upon satisfactory evidence, the board shall issue a certificate showing that such applicant is a certified warehouseman. Provided, however, that the life of any such certificate shall be one year, at the expiration of which time the applicant must obtain a new certificate."

The cotton lost by the negligence or misconduct of the managing officer was lost more than a year after the execution of his bond, and we held that the sureties on his bond were not liable thereunder for this cotton. It was pointed out in the opinion in that case that the statute did not require the warehouseman to give a bond, but did require the corporation to do so, and that, as it was unlawful for the warehouse to do business without having a certified warehouseman in charge, it must be conclusively presumed that the bond was given to cover a valid period of service. It was there said:

"Of course, in the absence of a statute expressly providing for a bond and its terms and conditions, the parties could have made a common-law bond which would bind the sureties for any term or period or length of time specified therein with reasonable certainty. But here we have a bond which contains no specific provision with reference to time, and therefore it must be conclusively presumed that the parties intended to contract

for a valid period of service, which was merely during the lifetime of the certificate. Learned counsel for appellee invoke the doctrine that, ordinarily, sureties on a bond can make no defense which could not be made by their principal. 21 R. C. L. 991. This principle is sometimes applicable, but not so to a case where the question is as to the period covered by the terms of the bond. The surety is only bound by the conditions which apply while the bond is in effect.''

The reasoning of that case is applicable here. There the warehouse sought to recover from the warehouseman and his sureties the value of cotton which had been lost through the negligence or misconduct of the warehouseman. Here the owners of the cotton are seeking to recover from the warehouse and its sureties the value of the same cotton. In this case, as in that, the bond contains no specific provision with reference to time, and it must therefore be presumed in this case, as it was in that, that the parties intended to contract for the period of time contemplated by the statute before a new bond would be required, which was one year. The statute, as we have seen, specifically requires an annual bond, when it is not executed by a bonding or indemnity company, and the bond was executed pursuant to the statute.

In the case of *Crawford* v. *Ozark Ins. Co.,* 97 Ark. 549, 134 S. W. 951, it was said that statutory bonds executed in the form provided by the statute must be construed as though the statute were written in them as respects the rights and liabilities of principal and surety. In the case last cited suit was brought on a bond obligating an assessment fire insurance company to pay ''all claims arising and accruing to any person by virtue of any policy issued by said company during the term of the bond,'' and it was held that the bond was liable for all claims accruing during the term of the bond, whether the policies on which the liabilities arose were issued during such term or not.

So here, the sureties on the bond of the warehouse were liable for any loss covered by the bond during the

period when the bond was in force, regardless of the time when the cotton was placed in the warehouse, but the sureties were not liable beyond that time, and, as it is an undisputed fact that the loss of plaintiffs' cotton occurred more than a year after the execution of the bond, the court below was correct in holding that the sureties on the bond were not liable.

This view accords with the construction of a similar bond given by the Supreme Court of North Dakota in the case of *State* v. *Farmers' Cooperative Elevator Co.,* reported and annotated in L. R. A. 1918E, page 233.

It is insisted that, if the sureties on the bond are not liable as such, they are liable as directors for their failure to comply with the law by renewing the bond. A sufficient answer to this contention is that the pleadings raised no such issue, and there was no request to so amend the pleadings as to raise it, and the instructions requested by the plaintiff did not ask the submission of that question to the jury.

The judgment of the court below is correct, and it is therefore affirmed.