St. Louis Union Trust Company, Executor, *v.* Hammans.

4-6752                                        161 S. W. 2d 950

Opinion delivered May 11, 1942.

*John L. Ingram,* for appellant.

*M. F. Elms,* for appellee.

Humphreys, J.   This suit was brought by appellants on June 1, 1937, against appellees in the circuit court of Arkansas county, northern district, to recover an alleged balance due on a $2,500 note executed by appellees to

Robert M. Foster, referred to in the testimony and briefs as Judge Foster, on April 14, 1928, payable on January 1, 1930, bearing interest at the rate of eight per cent. per annum from date until paid. The admitted payments and credits on the note evidencing same did not include a $500 payment claimed by appellees as a set-off in their answer to the complaint as follows:

"That they (appellees) aided and assisted the said Robert M. Foster in making a sale of a piece of land in Prairie county, Arkansas, to Steve Shimek and that for their (appellees') services in assisting and making sale of said land the said Robert M. Foster agreed and bound himself to place to their credit the sum of $500 upon said note, but that no part of same has ever been credited to them (appellees)."

Appellants filed the following reply to the set-off: "They deny that Robert M. Foster ever entered into a contract with the defendants (appellees) or either of them with regard to the sale of any land whatsoever, and deny that defendants (appellees) or either of them are entitled to a credit of $500 and deny that the said Robert M. Foster is indebted to the defendants (appellees) in said sum of $500 or any other sum whatever. Further answering the plaintiffs (appellants) plead the three years statute of limitations as a bar to defendants' (appellees) right to recover herein.

Appellants introduced the note sued on and also the following stipulation, and rested:

"1. That Robert M. Foster died testate on November 1, 1930, and that the St. Louis Union Trust Company of St. Louis, Missouri, was duly appointed executor under the will of the said Robert M. Foster on November 7, 1930, and is the duly qualified and acting executor under said will and estate.

"2. That Lizzie L. Foster is the owner and holder of the note sued on."

"3. Appellees then offered to prove by C. E. Hammans an oral contract and agreement they had with Robert M. Foster relative to the set-off claimed by appellees

to the note sued on, over the objection and exception of appellants on the specific ground that the evidence was not admissible or competent under § 5154 of Pope's Digest, which is as follows: "In civil action, no witness shall be excluded because he is a party to the suit or interested in the issue to be tried. Provided, in actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party. . . ."

On account of the stipulation to the effect that Lizzie L. Foster is the owner and holder of the note the court ruled that the statute was not applicable, permitted the witness to testify and thereafter tried the suit as one brought by her to recover on the note.

The testimony of C. E. Hammans on direct and cross-examination is quite lengthy and to set it out in full would unduly extend this opinion, but the substance thereof, stated in the most favorable light to appellees, is to the effect that Judge Foster owned a farm near a farm owned by appellees. Judge Foster wanted to sell the farm to appellees, but appellees did not want to buy same. Appellee, C. E. Hammans, undertook to help Judge Foster make a sale of his farm. He was not a real estate agent and did not have the farm listed with him, but for his assistance in making the sale of the farm Judge Foster told Hammans he would pay him $500 if he succeeded in selling it for the price he wanted. Judge Foster stated what he wanted for the farm, and appellee saw Steve Shimek who wanted to buy the farm. Appellee took Judge Foster up to see Shimek several times and they completed the deal. The contract for the sale and purchase of the farm was entered into in the summer of 1929 and the deed was made by Judge Foster's wife, Lizzie L. Foster, after Judge Foster's death. The deed bears date March 14, 1936. After the contract for the sale and purchase of the land was made Judge Foster offered to pay appellee, C. E. Hammans, $500 and offered to pay it in cash, but appellee, C. E. Hammans, said to

him, "No, dad and I owe you a note and you just credit it on the note," which Foster agreed to do, notwithstanding C. E. Hammans had made no charge against him for assisting him in making the deal. Judge Foster overlooked entering the credit on the note like he had done with reference to several other payments, for example, a cash payment of $394.44 and lumber in the amount of $240.47 which had been delivered to him.

The cash and credit payments referred to above were entered on the note by the executor, St. Louis Union Trust Company, after Judge Foster's death, upon proof by appellees that payments had been made.

In addition to the testimony of C. E. Hammans, the will of Foster was introduced in which he gave all his property to his wife, Lizzie L. Foster, for and during her lifetime to use the income therefrom with the right to sell, exchange, lease or reinvest as she might deem best.

Other testimony was introduced to the effect that after Judge Foster died appellees had considerable correspondence with the St. Louis Union Trust Company relative to credits which should have been entered upon the note, but none of the letters or any of the correspondence contained the claim by appellee for the $500 credit in question. The original note was introduced showing that same had been assigned to Lizzie L. Foster by the St. Louis Trust Company without recourse on it and also showing a large number of credits which had been entered subsequent to the death of Judge Foster who had died on November 1, 1930, and according to the statement made by the St. Louis Union Trust Company as of date January 15, 1941, the balance due on same, total interest and principal, was $1,661.27, but no credit appeared for the $500 claimed by appellees for assisting him in selling his farm to Shimek.

At the conclusion of the testimony, appellant, Lizzie L. Foster, requested the court for a peremptory instruction for judgment in her favor for $1,661.27.

The court refused to instruct a verdict for that amount and submitted the cause to the jury upon the pleadings, the testimony introduced and the following

instruction, over the objection and exception of appellant, Mrs. Lizzie L. Foster, to-wit:

"Gentlemen of the jury, the only question is the item of $500. If you find from the testimony that this note is in the hands of the administrator, then the plaintiffs would be entitled to recover the full amount sued for, because they cannot offer testimony against the administrator, but if you find from the testimony that the note is owned and in the possession of Lizzie L. Foster, then the evidence would be competent. They set up a plea of the statute of limitations in this case—that is they contend that the amount Mr. Hammans claims is barred by the three-year statute of limitations; that it was not credited on the note—that they did not make any agreement with Mr. Hammans to pay him $500. Those are questions of fact for you to determine under the testimony in this case. If you are convinced, by a preponderance of the testimony in this case that Mr. Foster did agree to pay $500 and that it should have been credited within the time equal to three years from the time of this agreement, and he failed to credit it, then the defendants would be entitled to that credit. The burden is upon the defendants to show that by a preponderance of the evidence; if you find for the plaintiff or the plaintiffs, there are two plaintiffs, Union Trust Company, administrator, and the wife of the deceased, Mrs. Foster, you can find for both plaintiffs or you can find for Mrs. Foster, one or the other, or both for such sum as you think defendants owe. The only question involved is whether or not the defendants are entitled to this $500 credit on this note. If nine of you agree upon a verdict, you will all nine sign the same, but if all twelve of you agree upon a verdict, only one of you will sign same as foreman."

After consideration and deliberation the jury returned the following verdict: "We, the jury, find for the defendant in the following sum, credit for the $500 claimed plus interest at 8 per cent. from January 1, 1932. We also find that the note in question is the property of Mrs. Robt. M. Foster, and she is entitled to recover the amount sued for less credits shown on the note and the $500 with 8 per cent. interest from January 1, 1932. Louis K. Buerkle, Foreman."

Pursuant to the verdict the court rendered the following judgment: "It is, therefore, considered, ordered and adjudged by the court that the plaintiff, Lizzie L. Foster, do have and recover of and from the defendants, G. E. Hammans and C. E. Hammans, and either of them and each of them the sum of $884.42, same being the amount due her after deducting the sum of $500 mentioned in said verdict, plus interest thereon at 8 per cent. from January 1, 1932.

"It is further adjudged that the said sum of $882.42 bear interest from this date at the rate of eight per cent. per annum until paid.

"It is further adjudged that said plaintiff have and recover of and from said defendants and each or either of them all costs herein expended and further ordered that execution issue for said sums."

From the judgment an appeal has been duly prosecuted to this court.

Appellant, Lizzie L. Foster, contends for a reversal of the judgment on the ground that the court erroneously admitted the testimony of C. E. Hammans for the reason that under § 5154 of Pope's Digest one is not permitted to testify to any transactions with or statements of a testator, claiming that the instant suit is a suit by the executor or administrator of the estate of Robert M. Foster, deceased. The undisputed testimony in the case is to the contrary. It is true the St. Louis Union Trust Company, as executor of the last will and testament of Robert M. Foster, deceased, was made a party plaintiff in the original suit, but the undisputed testimony shows that the St. Louis Union Trust Company as executor has no further interest whatever in the note sued upon and did not have at the time this suit was instituted. The note was assigned by it without recourse to Lizzie L. Foster and under the stipulation entered into by the attorneys for the parties it was agreed, "that Lizzie L. Foster is the owner and holder of the note sued on." Since the St. Louis Union Trust Company had no interest either in the note or in the lawsuit and was only a nominal party and could not be affected by the litigation,

the court properly admitted the testimony of C. E. Hammans with reference to the contract he had with Judge Foster in his lifetime. We think the ruling of the court that the testimony of C. E. Hammans was admissible under the facts in this case is supported by the cases of *Walden* v. *Blassingame,* 130 Ark. 448, 197 S. W. 477; *Brown* v. *Brown,* 134 Ark. 380, 203 S. W. 1009; *Swinton* v. *Cuffman,* 139 Ark. 121, 213 S. W. 409; and the later case of *Robb* v. *Woolsey,* 175 Ark. 43, 295 S. W. 13.

Appellants also contend that the judgment should be reversed because even if the testimony was admissible it does not show that there was any consideration to support the claim of $500 for assistance rendered Judge Foster in making the sale of his land to Steve Shimek.

Judge Foster told C. E. Hammans that if he would sell the property for him he would give him $500. We do not think this meant that he would make him a present for selling it. Appellants argue that the offer to pay $500 was in the nature of and amounted to no more than the promise of a gift and that in order for a gift to be good it must be an executed gift. It is true that delivery is an essential both in law and in equity to the validity of a gift and cases are cited by learned counsel for appellants to that effect. Of course, if the testimony only showed the promise of a gift to be delivered in the future, it would be uninforceable, but we think the jury was warranted in finding that this was not a promise for $500 in the way of a gift to be delivered in the future. The testimony is susceptible of the construction that Judge Foster absolutely agreed to pay him $500 in case he found a purchaser and sold the farm for the amount he wanted for it. According to the testimony C. E. Hammans did find a purchaser and did take Judge Foster to the purchaser and they did enter into a contract for the sale and purchase of the farm. It also appears from the evidence that Steve Shimek paid all the purchase money and in 1936 received a deed to the farm from the wife of Judge Foster who acquired the right to make the deed under the provisions of the will of Judge Foster. This was not all, after the contract for the sale and purchase of the farm was executed Judge Foster offered to pay C. E.

Hammans $500 in cash and would have done so, but C. E. Hammans told him that he and his dad owed Judge Foster a note and to credit the amount of $500 on the note, which Judge Foster agreed to do. We do not think the failure of Judge Foster to enter the credit on the note in any way invalidated the payment of $500 thereon, the consideration constituting the payment on the note for services which C. E. Hammans had rendered to Judge Foster. The transaction was completed when the services were rendered and Judge Foster offered to pay C. E. Hammans $500 in cash and was told instead of paying it over to credit it on a note. It is said in 3 R. C. L., p. 1284, par. 517, that: ''A memorandum of a partial payment indorsed by the holder on the back of a promissory note is neither a contract nor any part of a contract, but a mere acknowledgment, in the nature of a receipt. . . .''

Appellant, Lizzie L. Foster, also contends that C. E. Hammans, in assisting Robert M. Foster in the sale of his farm, was acting as a real estate agent and not entitled to charge Judge Foster any commission because he, C. E. Hammans, had not complied with the provisions of Act 148 of the Acts of the General Assembly of 1929. This act was in effect at the time the transaction occurred between C. E. Hammans and Judge Foster and § 1 of the act is as follows: ''It shall be unlawful for any person, firm, partnership, copartnership, association or corporation to act as a real estate broker or real estate salesman in Arkansas or to advertise or to assume to act as such real estate broker or real estate salesman without first having complied with every provision of this act and having secured a regular, valid license issued by the Arkansas Real Estate Commission authorizing the performance of such acts.'' Act 148 also contains the following provision: ''No recovery may be had by any broker or salesman in any court in this state on a suit to collect a commission due him unless he is licensed under the provisions of this act and unless such fact is stated in his complaint.''

The statute referred to above was not invoked by appellants as a defense in the court below. In other words, it is raised as a defense for the first time in this

court. This court ruled in the case of *Bolen* v. *Farmers' Bonded Warehouse,* 172 Ark. 975, 291 S. W. 62, (quoting syllabus 3) that: "Issues not raised by the pleadings nor by requested instructions will not be considered on appeal."

We cannot agree with the learned attorney for appellants that he raised this question in the lower court by asking for a peremptory instruction.

No such issue was raised below either by the pleadings or by request for instruction and appellant is precluded from raising it upon appeal to this court.

Lastly, appellants contend that the judgment should be reversed because the set-off is barred by the three-year statute of limitations. Pope's Dig., § 8928. This is not a separate suit for a commission on the sale of real estate earned in 1929, but it is pleaded as a set-off against a note which appellees owe to appellant, Lizzie L. Foster, which is permissible under the rule announced in *Missouri & N. A. Ry. Co.* v. *Bridewell,* 178 Ark. 37, 9 S. W. 2d 781, and *Stephens* v. *Springfield Business College,* 144 Ark. 641, 215 S. W. 622.

Further, we do not regard the plea of the statute of limitations as applicable in closed transactions. We think the transaction in question was closed when Judge Foster accepted the services of C. E. Hammans in effecting the sale of his farm and when Judge Foster agreed to pay and offered to pay C. E. Hammans $500 for assisting him in making the deal. Being a closed and completed transaction, there was no outstanding claim for the statute to run against.

Finding no error, the judgment is in all things affirmed.