DODSON CREEK, INC. *v.* FRED WALTON REALTY
COMPANY and SOUTHALL INVESTMENTS, INC.

CA 81-67                                    620 S.W. 2d 947

Court of Appeals of Arkansas
Substituted Opinion on Petition for
Rehearing delivered September 9, 1981

*Tucker, Hall, Lovell, Alsobrook & Moudy*, for appellant.

*Boswell & Smith, P.A.*, by: *David E. Smith*, for appellees.

DONALD L. CORBIN, Judge. Appellees, Fred Walton Realty Company and Southall Investments, Inc., entered into an exclusive listing contract to sell, exchange, lease or rent land owned by appellant, Dodson Creek, Inc. Dodson Creek, Inc. was trying to develop the property as a shopping center.

The exclusive listing agreement between the parties was for one year. The agreement also contained an automatic

extension clause of 180 days unless the contract was cancelled in writing by Dodson Creek, Inc. It was not so cancelled, therefore, the listing contract expired October 14, 1978.

The contract also contained the following provision which is critical to this appeal:

> [I]f the property be sold, exchanged, leased, rented or otherwise disposed of after the expiration of this contract to any person or organization to whose attention said property was brought through the efforts or services of Agent or on information secured directly or indirectly from or through Agent during the term of this contract, then Agent shall be conclusively presumed to be the procuring cause of such transaction, in which case Owner agrees to pay Agent the professional fee as set forth above.

During the term of the contract, appellees attempted to sell Safeway a site in the shopping center. The negotiations began in the summer of 1977 and a proposal was submitted through the local Safeway office to the home office in California on April 7, 1978. It was rejected by Safeway on April 25, 1978, and appellees did nothing after that date to sell Safeway a site in appellant's shopping center.

After appellees' listing contract expired on October 14, 1978, appellant entered into a listing contract with Danny Thomas Co. on November 22, 1978.

Safeway approved a site in another shopping center across the street from appellant's shopping center. About two weeks before Safeway was to close this deal (which was about 2 months after the expiration of the 180 day extension clause to the listing agreement between appellant and appellees), negotiations began between Danny Thomas Co. and Safeway representatives concerning the Dodson Creek, Inc. property. Safeway took an option on the Dodson Creek, Inc. property in August of 1979, the option was exercised in December of 1979, and the purchase was closed in January of 1980. Safeway purchased essentially the same site originally

considered with changes in the size and price.

While negotiations between Safeway representatives and Danny Thomas Co. concerning the Dodson Creek, Inc. property were continuing, appellees notified the appellant by a letter dated April 17, 1979 that Safeway and twenty-five other businesses had been contacted by the appellees and were listed as reserved clients.

Appellant paid the Danny Thomas Co. a ten percent commission on the $310,920 sale to Safeway. Appellees demanded that they receive a ten percent commission which appellant refused to pay. Appellees filed suit against appellant for a ten percent commission alleging that they acted as the procuring cause of the sale.

Judgment was entered on a jury verdict in favor of appellees for the sum of $31,092. This appeal follows.

Appellant argues that the Court erred in not granting its request for a directed verdict, judgment notwithstanding the verdict and a new trial for appellees' failure to plead and prove a cause of action.

The proper prequisite for both a directed verdict and a judgment notwithstanding the verdict was not fulfilled by the appellant. The court properly denied these motions.

At the close of appellees' case-in-chief, appellant made the following motion.

At the close of the plaintiff's case and the plaintiffs having announced that plaintiffs rested, the defendant moved for a directed verdict.

At the close of the case, appellant made the following motion for a directed verdict:

The first thing is that the defendant would move the court to direct a verdict for the reason that plaintiffs have neither alleged nor proved a cause of action.

The trial court ruled that:

[T]he motion for a Directed Verdict made by the Defendant at the close of the case was not sufficiently specific to apprise the court of the defendant's ground for making the motion and, therefore, does not constitute a sufficient prerequisite for the making of a motion for judgment notwithstanding the verdict.

Rule 50(a) of the Arkansas Rules of Civil Procedure states in pertinent part:

A motion for a directed verdict shall state the specific grounds therefor. ... The motion may also be made at the close of all of the evidence and in every instance the motion shall state the specific grounds therefor.

The requirement that specific grounds be stated in a motion for a directed verdict is mandatory and failure of the motion to state the specific grounds relied on is in itself sufficient basis for denial of the motion. *Svestka* v. *First Nat'l Bank in Stuttgart*, 269 Ark. 237, 602 S.W. 2d 604 (1980). Wright & Miller, Federal Practice and Procedure: Civil § 2533.

A motion for a directed verdict is a condition precedent to moving for a judgment notwithstanding the verdict. It must state the grounds on which it is made. Since it is technically only a renewal of the motion for a directed verdict made at the close of evidence, it cannot assert a ground not included in the motion for directed verdict. Wright & Miller, Federal Practice and Procedure: Civil § 2537.

The basis of appellant's motion for judgment notwithstanding the verdict was Ark. Stat. Ann. § 71-1302 (Repl. 1979) which provides in part:

No recovery may be had by any broker or salesman in any court in this State on a suit to collect a commission due him unless he is licensed under the provisions of this act and unless such fact is stated in his complaint.

The matters raised in the motion for judgment notwith-

standing the verdict had never before been mentioned in either of the motions for directed verdict and under the authority previously cited, were waived. Furthermore, the statute had neither been pled in answers, nor had it ever been raised in prior motions.

This very point has previously been ruled upon by the Arkansas Supreme Court in *St. Louis Union Trust Co.* v. *Hammans*, 204 Ark. 298, 161 S.W. 2d 950 (1942). Act 148, Section 2, Acts 1929 (Ark. Stat. Ann. § 71-1302), was also in issue there. In that case, during the trial, the claimant real estate broker had not pled or proved that he was a licensed real estate broker. The defendant, against whom a recovery had been made, on appeal for the first time, raised the provisions of the statute. The Supreme Court disposed of the issue as follows:

> The statute referred to above was not invoked by appellants as a defense in the court below. In other words, it is raised as a defense for the first time in this court. This court ruled in the case of *Bolen* v. *Farmers' Bonded Warehouse*, 172 Ark. 975, 291 S.W. 62 (quoting syllabus 3), that: "Issues not raised by the pleadings nor by requested instructions will not be considered on appeal."

Because this matter is raised for the first time on appeal and the appellant did not specifically raise the statute in defense or in a motion to dismiss, this matter shall not be considered by the Court.

Next, appellant argued that the court erred in giving certain instructions to the jury over appellant's objections and refusing to give those instructions requested by appellant. The appellee offered the following instructions:

PLAINTIFFS' REQUESTED
INSTRUCTION NO. 6

AMI 1012 Modified

Fred Walton Realty Company and Southall Investments, Inc., assert two separate grounds for the recovery of damages:

First: That the property was sold after the expiration of the contract to Safeway Stores, Incorporated, to whose attention said property was brought through the efforts or services of them or on information secured directly or indirectly from or through them during the term of the contract, and,

Second: That they were the procuring cause of the sale of the property to Safeway Stores, Inc.

It will be necessary for you to consider separately each asserted ground for recovery. If you find from the evidence that every essential proposition with respect to any one ground for recovery has been proved, then your verdict should be for Fred Walton Realty Company and Southall Investments, Inc., and against Dodson Creek, Inc.; but if you find from the evidence that any essential proposition with respect to any one ground for recovery has not been proved, then your verdict with respect to that ground for recovery should be for Dodson Creek, Inc.

### PLAINTIFFS' REQUESTED INSTRUCTION NO. 7

By "procuring cause," it is meant that if, after the property is placed in the agent's hands, the sale is brought about or procured by the agent's advertisements or exertions, the agent will be entitled to a commission; or if the agent introduces the purchaser or discloses his name, to the owner, and through such introduction or disclosure, negotiations are begun, and the sale of the property is effected, the agent is entitled to his commissions, though the sale may be made by the owner.

### PLAINTIFFS' REQUESTED INSTRUCTION NO. 8

The exclusive listing contract under which Fred Walton Realty Company and Southall Investments, Inc., seek to recover contains the following provision:

"(If) the property be sold, exchanged, leased, rented, or otherwise disposed of after the expira-

tion of this contract to any person or organization to whose attention said property was brought through the efforts or services of Agent or on information secured directly or indirectly from or through Agent during the term of this contract, then Agent shall be conclusively presumed to be the procuring cause of such transaction in which case Owner agrees to pay Agent the professional fee as set forth above."

If you find that the property was sold after the expiration of the contract to a person or organization to whose attention said property was brought through the efforts or services of Fred Walton Realty Company and Southall Investments, Inc., then plaintiffs are entitled to the presumption that they were the procuring cause of the sale.

Specific objections made by the appellant to these instructions were: (1) they did not include a requirement that there be causation between the activities of appellees and the ultimate sale to Safeway; (2) there was no requirement that the ultimate sale occur within a reasonable time after the expiration of the contract; and (3) there was no requirement that appellees notify appellant during the term of the listing contract of their intention to claim Safeway as a reserve client and claim a commission if the property were sold to Safeway.

The appellant requested the following instructions which were denied by the Court:

DEFENDANT'S REQUESTED
INSTRUCTION NO. 8

The plaintiffs claim the defendant owes the plaintiffs a commission for the sale of land by the defendant to Safeway.

To be entitled to recover in this case, the plaintiffs must prove that their efforts were the efficient, procuring, proximate or inducing cause of this sale. That is, the sale was the direct and proximate result of their efforts.

When I use any one of these terms, I mean a cause originating or setting in motion a series of events which without break in continuity result in the procurement of a purchaser who is ready, willing and able to buy on defendant's terms.

While it is not essential that the plaintiffs' efforts be the sole cause of the sale, it is essential that they be the predominately effective cause and they are not sufficient to entitle them to a commission where they are merely an indirect, incidental or contributing cause.

### DEFENDANT'S REQUESTED INSTRUCTION NO. 11

You are instructed that unless you find from a preponderance of the evidence that the sale to Safeway proximately resulted from the efforts of the plaintiffs, within a reasonable time after the expiration of the listing contract and that the plaintiffs notified the defendant before the expiration of the listing contract that the plaintiffs claimed Safeway as a reserve client, the plaintiffs are not entitled to recover from the defendant.

### DEFENDANT'S REQUESTED INSTRUCTION NO. 11-A

You are instructed that unless you find from a preponderance of the evidence that the sale to Safeway proximately resulted from the efforts of the plaintiffs, within a reasonable time after the expiration of the listing contract, the plaintiffs are not entitled to recover from the defendant.

### DEFENDANT'S REQUESTED INSTRUCTION NO. 11-B

You are instructed that unless you find from a preponderance of the evidence that the sale to Safeway proximately resulted from the efforts of the plaintiffs, the plaintiffs are not entitled to recover from the defendant.

. We initially reversed on this point. We held that the jury in the instant case should have been instructed as to whether the appellees introduced the purchaser or disclosed his name to the owner and through such introduction or disclosure, negotiations were begun and the sale of property to Safeway was effected within a reasonable time after the expiration of the listing period.

As authority, we quoted the following cases:

In *Moore* v. *Holman Real Estate Co.*, 129 Ark. 465, 196 S.W. 479 (1917), the Supreme Court upheld a directed verdict for a real estate broker's commission in a similar situation as here, but plainly recognized reasonable time as being an element. The Court stated that:

> It is also finally insisted that a sale would have to be made within a reasonable time on this information, in the absence of bad faith on the part of the owner, to make the owner liable. If this be conceded, we think it may be said, *as a matter of law*, that the sale was made *within a reasonable time*, as the sale was perfected within two months after the expiration of the contract. (Emphasis supplied.)

In *Beck* v. *Neal*, 228 Ark. 186, 306 S.W. 2d 875 (1957), the Court considered the following language contained in a broker's contract:

> The Owner further agrees to pay the commission set forth in Paragraph 2 to the Agent if the property be sold or otherwise disposed of by any other person, association or corporation, including the Owner, after the expiration of the above listing period, when such sale or other disposition of the property resulted from or was based upon information given by or obtained through the Agent, with notice thereof to the Owner, during the period of this contract.

The Court, in authorizing the real estate broker a fee for a sale that took place by the owner after the expiration of the contract, stated the following:

> The sale by appellees to Alexander within a *reasonable*

*time* thereafter upon the exact terms of the listing contract and upon information given and obtained through the appellant, with proper notice to appellees, rendered them liable to appellant for the commission of 5 per cent. (Emphasis supplied.)

See also, 51 A.L.R. 3d 1149, § 17.

In *Green* v. *Toney*, 257 Ark. 853, 520 S.W. 2d 290 (1975), the Supreme Court in ruling on whether a real estate broker was entitled to his commission following the sale by the owner after the expiration of a six-month option held:

If May had bought the property five minutes after the expiration of the option the brokers' right to a commission could hardly be disputed, while if the purchase had been made five years later. Green's position would be equally strong. Between the extremes there is a middle ground that falls within the jury's province.

In *E. C. Stromberg* v. *Seaton Ranch Co.*, 160 Mont. 293, 502 P. 2d 41 (1972) the Court made the following statement about reasonableness of time:

Under usual circumstances time allowed to protect the broker after expiration of the principal listing under a protective paragraph, if no time period is named, is held to be a reasonable time. Reasonable time in transactions of this type is determined by the nature and character of the service to be rendered, magnitude of the undertaking, the intention of the parties, and all the facts and circumstances of the case. 12 C.J.S. *Brokers* § 88, page 203.

On rehearing, appellees rely on Arkansas Rules of Civil Procedure Rule 51 which reads in pertinent part:

... No party may assign as error the giving or the failure to give an instruction unless he objects thereto before or at the time the instruction is given, stating distinctly the matter to which he objects and the grounds of his objection, and no party may assign as error the failure to instruct on any issue unless such party has submitted a proposed instruction on that issue.

A mere general objection shall not be sufficient to obtain appellate review of the trial court's action relating to instructions to the jury except as to an instruction directing a verdict or the court's action in declining to do so.

In their Response to the Petition for Rehearing, the appellants rely on Arkansas Rules of Civil Procedure Rule 46 which provides in part:

Formal exceptions to ruling or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary, it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and its grounds therefor; ...

Since ARCP 51 is specifically directed toward jury instructions it controls in this case.

One who has not asked a proper instruction on the subject cannot complain of the refusal of the court to give an improper one. *Western Union Telegraph Co.* v. *Ford*, 77 Ark. 531, 92 S.W. 528 (1906). A party entitled to an instruction on a subject, but requesting an erroneous instruction, may not complain of failure to charge on the subject. *Newman* v. *Peay*, 117 Ark. 579, 176 S.W. 143 (1915). While defendant is entitled to have his theory of the case submitted to the jury, it is his duty to prepare and request a correct instruction embodying it. *Bovay* v. *McGabhey*, 143 Ark. 135, 219 S.W. 1026 (1920). A trial court need not give instruction which needed explanation, modification or qualification. *Reynolds* v. *Ashabranner*, 212 Ark. 718, 207 S.W. 2d 304 (1948).

The instructions offered by the court were correct in what they stated relative to the issue of procuring cause. The Supreme Court held in *Scott* v. *Patterson and Parker*, 53 Ark. 49, 13 S.W. 419 (1890) that:

If, after the property is placed in the agent's hands, the sale is brought about or procured by his advertisements, and exertions, he will be entitled to his com-

missions. Or if the agent introduces the purchaser or discloses his name to the owner, and through such introductions or disclosure, negotiations are begun, and the sale of the property is effected, the agent is entitled to his commissions, though the sale may be made by the owner.

Since the appellant failed to offer proper instructions regarding the issue of reasonable time, we must affirm the decision.

Affirmed.

Mayfield, C.J., concurs.

Glaze, J., dissents.