ARK. HIGHWAY COMM. *v.* WESLEY L. WARNOCK, ET UX

5-4107                                                     411 S. W. 2d 283

Opinion delivered February 13, 1967

*George O. Green* and *Don Langston,* for appellant.

*Robinson & Rogers* and *N. D. Edwards,* for appellee.

PAUL WARD, Justice. This is an eminent domain proceeding brought by the Arkansas State Highway Com-

mission (appellant) to condemn (for highway purposes) approximately 15¾ acres across 140 acres of land owned by Wesley Warnock and wife (appellees).

Appellant deposited in the trial court $8,000 as estimated compensation for the taking, but the jury awarded compensation in the amount of $30,000.

On appeal to this Court appellant relies on only one ground for reversal: There is *"no substantial evidence"* to support the verdict.

It is correctly stated by appellant that the question of whether or not there is *substantial evidence* to support a verdict is not a question of *fact* but one of law. It was so held in *Arkansas State Highway Commission* v. *Byars,* 221 Ark. 845, 256 S. W. 2d 738.

*Mr. Warnock* testified, in substance:

I am a licensed real estate broker and have been active as such since 1959; I have owned ten or twelve pieces of property in this county during the past three years; I purchased the subject property in June 1964 for $32,500 for the purpose of raising cattle; I felt like it was a bargain—that it was worth between $45,000 and $50,000; I have improved the land since buying by clearing and sodding about forty acres and putting it in lespedeza and clover, and have also built a stock pond; most of the land (about ninety five acres) is north of the new highway and is now isolated from it; since I bought the land there has been installed a six inch water line to it from Alma which is located three miles away and which has increased the value of adjacent land. In arriving at the value of his property appellant took into consideration other sales in that vicinity. It is my opinion that this property was worth $58,-000 at the time of taking.

*Bobby Gelly* (a witness for appellees) has been a licensed real estate broker since 1957 with an office in

Van Buren, and sells between sixty and seventy five parcels of property each year; He is acquainted with the subject property and thinks it was worth $54,000 on June 30, 1965 (the time suit was filed). He explained how he arrives at the value by comparing it with sales of other property, and by the fact that property in general, in that vicinity, has increased in value during the past year. *Mack Bolding,* a witness for appellees, testified, in substance: He has lived at Alma fifty seven years, and is in the cattle business; he has been a licensed real estate broker since 1962; he has known subject property all his life; in his opinion the property was worth $52,000 at the time of the taking. He based this opinion on other sales. He also stated that about 98 acres north of the highway was not accessible except through a culvert which is not suitable for cattle to pass through. *E. K. Ragge,* who handles real estate transactions and claims to be a qualified real estate appraiser, valued the land at $58,000 before the taking, based on what other property had sold for in that vicinity. In his opinion part of the land could possibly be subdivided for residential purposes in the near future due to the water line. *J. W. Polk,* also a licensed real estate broker, who has made about forty sales per year, was of the opinion that appellee's property was worth $52,000 before the taking.

In opposition to the above testimony, appellant placed in evidence the testimony of two professional real estate appraisers who are employees of the Highway Commission (Walker and Hays). Walker thought the land was worth $33,000 before the taking and Hays thought the value was $35,000 before the taking. Each witness also based his opinion on the sale of other property in the vicinity. However one witness thought the highest and best use of the property was for residential purposes—especially "the front part".

In the light of the record as reflected above, we are unwilling to say there is no substantial evidence to support the verdict of the jury.

As previously pointed out appellant frankly admits, in effect, that there is substantial evidence to show appellees' property was worth only $20,700 after the taking. It must follow, therefore, that this case must be affirmed if there is substantial evidence for the jury to find the property was worth as much as $50,700 before the taking.

We are unwilling to say, as a matter of law, there is no such evidence in this case. Two witnesses placed the value at $52,000, one witness at $54,000, and two at $58,000.

It is true, as pointed out by appellant, that the jury must consider the price paid by appellant for the land. See: *Meyers* v. *Ark. State Highway Comm.*, 238 Ark. 734, 384 S. W. 2d 258, and *Ark. State Highway Comm.* v. *Snowden*, 233 Ark. 565, 345 S. W. 2d 917. We cannot, however, say they failed to do so in this case.

We are aware of the fact that we have held opinion testimony as to the value of land "must be considered. in connection with related facts upon which the opinion is based". *Arkansas State Highway Commission* v. *Byars*, 221 Ark. 845, 256 S. W. 2d 738. To the same effect see *Ark. Highway Comm.* v. *Ptak*, 236 Ark. 105, 364 S. W. 2d 794.

There are, we think, sufficient "related facts" present here to give substantiality to the opinion testimony of appellees' witnesses, as is above set out. It is true that appellees' testimony is contradicted by appellant's testimony, but that presents a question for the jury. In the *Byars* case we restated the well settled rule that "evidence must be viewed in the light most favorable to appellee".

Affirmed.