738

ARKANSAS STATE HIGHWAY COMMISSION *v.*
ARKANSAS REAL ESTATE COMPANY, INC. ET AL

5-4329                                    421 S. W. 2d 883

Opinion delivered December 18, 1967

*John R. Thompson* and *Thomas B. Keys,* for appellant.

*Moses, McClellan, Arnold, Owen & McDermott* and *Howell, Price & Worsham,* for appellees.

GEORGE ROSE SMITH, Justice. The appellant brought this suit to condemn a right-of-way in fee simple for a controlled access highway across the appellees' property—a 77-acre tract near East Roosevelt Road in Little Rock. The jury determined just compensation to be $75,-000. For reversal the appellant contends that the court

erred in refusing two requested instructions and in excluding evidence of the selling price of comparable property in the vicinity.

The plaintiff's Instruction No. 4 and the substance of No. 5 should have been given. The landowners offered much testimony to show damages resulting from the new highway's having cut off their access to a railroad and to a sewer line. Instruction No. 4 would have told the jury, substantially in the language of the statute, that political subdivisions and public utilities might use the highway commission's land for certain enumerated purposes (including the laying of sewers and railways) by agreement with the commission, provided that such uses did not interfere with the public use of the property for highway purposes. Ark. Stat. Ann. § 76-544 (Repl. 1957). Counsel for the highway commission were certainly entitled to argue to the jury that the landowner's access to the sewer line and the railroad was not necessarily being irretrievably destroyed.

In defending the court's refusal to give the instruction the appellees merely say that any possible application of the statute was precluded by the highway commission's complaint, which alleged that "this highway should be a controlled access highway facility . . . and therefore, the owners or occupants of abutting and adjoining lands shall have no right of existing, future, or potential common law or statutory rights of access or ingress and egress to, from, or across this facility to or from abutting and adjoining lands." We do not so construe the complaint. All that the quoted language refers to is the landowner's ordinary right to enter and leave a public highway that abuts his property. That right does not exist with respect to a controlled access facility. Ark. Stat. Ann. § 76-2202; *Arkansas State Highway Commn.* v. *Bingham,* 231 Ark. 934, 333 S. W. 2d 728 (1960). It does not follow, however, that the landowner is also denied the benefit of Section 76-544, *supra,* which, like the controlled access statute, was passed by the 1953 legislature. There is no conflict between the two acts.

Requested Instruction No. 5 defined a controlled access highway, in the language of the statute, and went on to say that the highway had been constructed in accordance with certain plans on file with the highway department and that if the commission should in the future change the highway in such a way as to damage the landowners, then the landowners would have a new cause of action. See *Arkansas State Highway Commn.* v. *Wilmans,* 239 Ark. 281, 388 S. W. 2d 916 (1965). We may assume, without deciding, that the appellees are right in contending that the instruction was not perfectly drawn, in that the record did not justify the court in telling the jury unequivocally that the facility has been constructed in accordance with the plans. Nevertheless, in view of the necessity for a new trial, we point out that upon proper proof the commission would be entitled to a correctly worded charge on the point.

Counsel for the commission sought to prove the price for which comparable property in the neighborhood had recently been sold. The court excluded that evidence, stating that an expert witness might consider such sales in forming his opinion about the value of the property being condemned, but, said the court, such evidence had no probative value with respect to the property in dispute and therefore should not be heard by the jury. Although we might on this appeal sustain the court's ruling on the narrow ground that counsel for the commission failed to make an offer of proof that the other property was in fact comparable to the appellees' land, we must consider the point on its merits, simply because it will doubtless recur upon a new trial. The court's position was wrong. Upon a proper showing of comparability such evidence is admissible and should be heard by the jury. *Arkansas State Highway Commn.* v. *Witkowski,* 236 Ark. 66, 364 S. W. 2d 309 (1963); *City of Little Rock* v. *Sawyer,* 228 Ark. 516, 309 S. W. 2d 30 (1958). Indeed, proof of comparable sales is usually considered to be especially trustworthy, for it goes beyond the sphere of mere opinion and shows the values

arrived at by persons having a direct pecuniary interest in the matter.

The only other controverted question that may arise upon a new trial is the appellant's contention that the court erred in permitting the appellees to treat the land as being a single ownership, when in fact it was owned by two different corporations. Owing to the appellant's failure to reproduce the pertinent exhibits, as required by Rule 9 (d), we are unable to say whether the court erred. We may appropriately add, however, that if the landowners are able to demonstrate their right to close certain streets that seem to have been platted but never opened, they may be in a position to insist that the tract be treated as a single ownership.

Reversed.