## ARKANSAS STATE HIGHWAY COMM'N
### *v.* Ed HUBACH et al

74-111                                      514 S.W. 2d 386

Opinion delivered October 14, 1974

*Thomas B. Keys* and *Philip N. Gowen*, for appellant.

*Lightle, Tedder, Hannah & Beebe*, for appellees.

LYLE BROWN, Justice. In this eminent domain proceeding the Highway Department took 5.75 acres of improved property, leaving 0.81 of an acre of minimal market value. For reversal appellant contends the trial court erred in refusing to let appellant introduce two transactions involving the lands taken.

*The First Sale.* Four years and four months prior to the taking appellee and a partner acquired the subject property for a sum considerably less than the damages sought. Appellee objected to any evidence concerning, or reference to, that sale on the ground that it was too remote in time. The court sustained the motion. We think the court fell into error. First, it must be remembered we are dealing with the sale of the subject property to condemnee. The court's ruling precluded any cross-examination of appellee with respect to the sale, which cross-examination should be allowed for the purpose of testing his credibility. On cross-examination of appellee, appellant asked the court for permission to inquire as to the purchase price of the land. The request was denied. Second, we do not think it was proper to hold as a matter of law that the sale was too remote in time. If the appellant could lay the proper foundation it should be permitted to introduce the sale. It is not uncommon for an expert witness to use a purported comparable sale when the witness makes proper adjustments for the passage of time and any fluctuation in values which has occurred since the sale. The general rule is well stated in Nichols on Eminent Domain (3rd Ed. 1974) § 12.311 [1]:

> When a parcel of land is taken by eminent domain, the price which the owner paid for it when he acquired it is one of the most important pieces of evidence in determining its present value. However, this assumes that the sale was recent, was a voluntary transaction between parties each of whom was capable and desirous of protecting his own interests, and that no change in conditions or marked fluctuation in values has occurred since the sale. A price paid under such conditions is a circumstance which a prospective purchaser would seriously consider in determining what he himself should pay for the property. As evidence before a jury, it consumes little time in introduction and raises few collateral issues, so that every argument is in favor of its admissibility.

We adhere to the recited rule but we think the trial judge should not have ruled out, as a matter of law, the sale to the condemnee until and unless it is shown that it is far removed from the date of condemnation and that changes in con-

ditions are such as to make the transaction substantially useless in determining present day value.

*The Second Sale.* In 1970, two years prior to the taking, appellee landowner purchased the one-half interest of his partner. Upon objection being made by the landowner, the court ruled that reference could not be made to the sale. The ruling was based on the fact that the landowner propounded interrogatories to appellant prior to trial; that in those questions appellant was asked to list the comparable sales on which it expected to rely; and that appellant did not list the 1970 transaction between the partners. Again, the effect of the ruling was to deprive appellant of the opportunity to cross-examine the landowner regarding the transaction. However, in the event of another trial the appellant, upon laying the proper foundation, may introduce the sale. That is because appellee will have had ample notice that appellant proposes to introduce evidence thereon; consequently no prejudice could result from the failure to list the sale in the interrogatories.

Reversed and remanded.