ARKANSAS STATE HIGHWAY COMMISSION
*v.* Bessie C. LEWIS

75-139                                529 S.W. 2d 142

Opinion delivered November 10, 1975

---

*Thomas B. Keys, Kenneth R. Brock,* for appellant.

*Lester & Shults,* for appellee.

GEORGE ROSE SMITH, Justice. When this condemnation action was filed in 1971 the appellee owned a 14.51-acre tract at the intersection of West Markham Street and Shackleford Road, in Little Rock. The highway department is taking all except 5.42 acres of that tract. The taking is partly for a controlled-access highway and partly for city streets, the landowner having a right of access to the latter. The jury fixed the landowner's compensation at $88,000. Several points for reversal are argued.

The highway department, in filing the complaint and declaration of taking, as amended, incorporated by reference the plans pursuant to which the highway improvement is to be constructed. See *Ark. State Highway Commn.* v. *Wilmans,* 239 Ark. 281, 388 S.W. 2d 916 (1965). At the beginning of the trial counsel for the condemnor conceded that the highway department was bound by the plans and then went on to say: "We will build the highway in accordance with the plans, and any judgment entered in this case can certainly specify in the event those plans were changed with respect to the control of access to this property, that this would constitute a new taking for which the landowner would be entitled to damages."

Despite that assurance on the part of counsel the court gave the landowner's requested instruction number two. That instruction told the jury that the department was acquiring the property for "highway purposes," which were then defined as including the eleven purposes enumerated in Ark. Stat. Ann. § 76-532 (Repl. 1957), all of which were then read to the jury. The enumeration included such patently extraneous purposes as rock quarries, gravel pits, borrow pits, shops, storage yards, drainage, stock trails, cattle passes, the elimination of grade crossings, and other matters not pertinent to the particular improvement to be constructed in this

instance. We have recognized that the highway department, in taking the fee simple, has the power to devote the property to various purposes listed in the statute. *Ark. State Highway Commn. v. Wallace,* 247 Ark. 157, 444 S.W. 2d 685 (1969). It does not follow, however, that the jury should be presented with an exaggerated and misleading conception of the actual uses to which the tract being taken might be put in the future. The instruction was abstract and should not have been given. We cannot say with assurance that its effect upon the jury was not prejudicial.

In view of the necessity for a new trial two other points should be mentioned. First, the court was unduly strict in limiting the highway department's cross-examination of the witness Barnes. The great value of the right of cross-examination has been emphasized so frequently that we need not cite the cases. Counsel sought to show, by interrogating Barnes, that in other condemnation cases he had testified that the taking had not enhanced the value of the landowner's remaining land, which was thereafter promptly sold at prices in excess of the valuation given by the witness. Of course, the trial judge has much discretion in controlling cross-examination, so that the inquiry does not go too far afield. Even so, if counsel could bring out by Barnes's own admissions that his earlier testimony had proved to be wrong in a number of instances, his credibility might well have been seriously impaired. The effort should have been permitted.

We perceive no error in the court's rulings with respect to the direct examination of the landowner's witness Meeks. He testified to the diminution in the value of the landowner's remaining tract that would result from the highway department's predominant control of the part being taken. That type of damage was recognized in the *Wallace* case, *supra,* and in *Ark. State Highway Commn. v. Kesner,* 239 Ark. 270, 388 S.W. 2d 905 (1965). The court's explanation, arising in the heat of the trial, may not have been as precise as it might have been, but that is a matter that counsel may be expected to improve upon in their preparations for a second trial.

Reversed.

JONES, J., not participating.