ARKANSAS POWER AND LIGHT COMPANY
*v.* Joe E. LLEWELLYN and Nora LLEWELLYN, his wife, and J. B. MASSEY and Laura C. MASSEY, his wife

CA 79-293                                    595 S.W. 2d 712

Court of Appeals of Arkansas
Opinion delivered March 12, 1980
Released for publication April 2, 1980

*House, Holmes & Jewell,* for appellant.

*Reed & Irwin, P.A.,* for appellees.

DAVID NEWBERN, Judge. In this condemnation case, the judge refused to allow the appellant to present testimony showing the amount the landowners had paid for the land some five years before the condemnation. We reverse because the evidence should have been admitted.

The landowners, in 1972, bought 259 acres fronting the Little Red River for $62,500. In 1977, the appellant condemned 2.94 acres of that land and erected a power transmission line through it. One of the landowners, Joe Llewellyn, testified the appellant had taken land worth $81,320. That sum apparently included severance damages. The appellant contended the landowners were damaged only to the extent of $1,650, which was the value of the land taken. The jury awarded $27,500.

In deciding to exclude the evidence of the purchase price, the judge relied on *State Highway Commission* v. *Hubach,* 257. Ark. 117, 514 S.W. 2d 386 (1974). The important language in the case is a quotation from *Nichols on Eminent Domain,* § 12.311 [1], p. 118 (3d ed. 1974), as follows:

> When a parcel of land is taken by eminent domain, the price which the owner paid for it when he acquired it is one of the most important pieces of evidence in determining its present value. However, this assumes that the sale was recent, was a voluntary transaction between the parties each of whom was capable and desirous of protecting his own interests, and that no change in conditions or marked fluctuation in values has occurred since the sale. A price paid under such condition is a circumstance which a prospective purchaser would seriously consider in determining what he himself should pay for the property. As evidence before a jury, it consumes little time in introduction and raises few

collateral issues, so that every argument is in favor of its admissibility. [256 Ark. at 118]

The judge took judicial notice that the rise in river front land value, of late, had been "astronomical." In our view, the question becomes whether the changes in value of the land "are such as to make the transaction [purchase by the condemnees] substantially useless in determining the present day value." *State Highway Commission* v. *Hubach, supra,* at p. 119.

The *Hubach* case was cited below as dictum at best, as its result was precisely the opposite of the trial judge's holding in this case. There the supreme court said the lower court should have permitted the evidence of the sale price to the landowner, which occurred some four years and four months before the condemnation, to have been admitted.

We hold the evidence of the purchase price was admissible. There were no "fluctuations" in the value of the land in the sense that it had gone up and down since 1972. It was all up, and the appellant presented evidence that agricultural land values had gone up 15% to 20% per year between 1972 and 1977. That testimony would have put the purchase price, had its introduction been allowed, in perspective. Although a subdivision plan for the land had been approved by the county planning commission, there is no doubt that at the time of the taking the property was planted in beans. The actual use of the land at the time of taking was evidence relevant to its value. The highest and best use, which was disputed at the trial, is another factual determination which bears on value.

Given this context, we hold the purchase price evidence would not have been unduly prejudicial to the landowners. If the landowners had wanted to show the increases to have been greater, they could have introduced evidence to that effect. See, *Ark. Highway Comm.* v. *Warnock,* 241 Ark. 998, 411 S.W. 2d 283 (1967).

The landowners' argument is that the jury would have been unduly prejudiced had it learned that they got such a "good deal." Whether they got a "good deal" is really one

way of stating the issue in this case, and it should have been up to the jury to determine that with all the relevant evidence before it.

Other issues raised by the appellant are not likely to arise on retrial, thus we decline to address them.

Reversed and remanded.

HAYS, J., not participating.