Joe Bob GARNER & Nancy GARNER, Howard R. JOHNSON & Bennie F. JOHNSON, Howard R. JOHNSON, Jr. *v.* ARKANSAS STATE HIGHWAY COMMISSION

CA 81-355                                    633 S.W.2d 710

Court of Appeals of Arkansas
Opinion delivered May 26, 1982
[Rehearing denied June 23, 1982.]

*Callahan, Wright, Crow, Bachelor & Lax,* by: *George M. Callahan* and *Carl A. Crow, Jr.,* for appellants.

*Thomas B. Keys, James N. Dowell* and *Philip N. Gowen,* for appellee.

LAWSON CLONINGER, Judge. On June 26, 1980, appellee filed its Complaint and Declaration of Taking, condemning one acre of appellants' 1.6 acre tract of land for construction of a new Ouachita River bridge and approaches. The tract fronts on Lake Hamilton and Highway 70 in Garland County, west of Hot Springs.

On May 30, 1981, a jury verdict was returned, awarding appellants $60,000 for the taking of the land. On this appeal, appellants charge that the trial court erred in refusing to permit the jury to consider, as evidence of market value, a contract of sale dated August 20, 1979, by which appellants Howard R. Johnson, Bennie F. Johnson and Howard R. Johnson, Jr. sold the 1.6 acre tract to appellants Joe Bob Garner, Jr. and Nancy L. Garner for a consideration of $250,000; that the trial court erroneously refused to give instructions requested by appellants; and that a new trial should have been ordered on the ground that the verdict was by lot.

We find no error in the trial court and we affirm.

For their first point for reversal, appellants urge that the contract should have been considered by the jury as evidence of the fair market value of the property before the taking. The trial court permitted the introduction of the contract for the limited purpose of showing the relation of the appellants Garner and the appellants Johnson, but admonished

the jury that it was not to be considered as an indication of market value.

In *Arkansas State Highway Commission* v. *Hubach*, 257 Ark. 117, 514 S.W.2d 386 (1974), the Arkansas Supreme Court stated that when a parcel of land is taken by eminent domain, the price which the owner paid for it when he acquired it is one of the most important pieces of evidence in determining its present value, provided that the sale was recent, was a voluntary transaction between the parties, and that no change in condition or marked fluctuation of values has occurred since the sale. That ruling was reaffirmed in *Arkansas Highway Commission* v. *First Pyramid Life Insurance Company of America*, 265 Ark. 417, 579 S.W.2d 587 (1979).

Appellee recognizes the rule as set out in *Hubach*, but argues that the contract in this case represented only the value of the land to the parties if the proposed development of the property for condominium purposes was successful. In excluding the contract as evidence of market value, the trial court adopted appellees' view, and we believe that view is correct.

The contract provides that in the event of default by the buyers, the appellants Garner, the sellers, the appellants Johnson, can enforce their lien against the property in the following manner only:

> Sellers shall also have, upon default of the buyers, the right to declare this contract void, and retain whatever may have been paid on said contract, and all improvements that may have been made on said premises, as liquidated damages for failure to perform this contract and may consider and treat the party of the second part as a tenant holding over without permission, and may take immediate possession of the premises.

The instrument sought to be introduced by the appellants as evidence of market value is no ordinary lien agreement. There is no foreclosure or repossession remedy available to

the sellers other than to repossess the property and treat the sums paid as liquidated damages.

The latitude allowed the parties in bringing out collateral and cumulative facts to support value estimates made by witnesses is left largely to the discretion of the presiding judge. *Little Rock Junction Railway* v. *Woodruff*, 49 Ark. 381, 5 S.W. 792 (1887); *State Highway Commission* v. *First Pyramid Life Insurance Company*, 269 Ark. 278, 602 S.W.2d 609 (1980).

Appellants were permitted to present evidence of three expert witnesses that the highest and best use of the tract was for the development of condominiums. One of the appellants' witnesses, a realtor, placed the value of the tract at $280,000 before the taking, and the value after the taking at $1,000; another of appellants' witnesses, an architect and realtor, testified that the value before taking was $350,000 and that the value after the taking was $1,000; a third witness for appellants, a professional appraiser and realtor, placed the before-taking value at $298,000 and the after-taking value at $3,000. Appellant Joe Bob Garner, Jr. testified that the highest and best use of the property was for the development of condominiums; that the $250,000 consideration in the contract was based upon future development of the property; and that the value of the tract at the time of the taking was $680,000. There was evidence that the tract was sold for $34,000 only 21 months prior to the taking.

Appellants were given the opportunity to fully develop their thesis that the highest and best use of the property was for condominium development. The jury heard and considered the testimony of appellants and their expert witnesses, both as to use and as to value, and the trial court excluded only the contract.

Evidence of the contract as an indication of the market value of the tract was a cumulative fact to support the value estimates of the witnesses. The trial court was justified in finding that the contract represented the value of the tract if the condominium venture proved successful, and that it was too speculative and conjectural to be admitted for the jurors'

consideration as evidence of market value. We find no abuse of discretion by the trial court.

The trial court refused to give the following instruction requested by appellants:

You are instructed that a recent purchase price is one of the most important factors in determining the present value provided the sale has been recent and voluntary and that there have been no changes in market conditions or marked fluctuation in value in the property since the sale.

The requested instruction is a correct statement of the law as set out in *Hubach, supra,* but appellants in this case were not entitled to have the instruction given. In the *Hubach* case, the sale of the property was a bona fide sale; in the present case, the buyers could retreat from the contract at any time and suffer liquidated damages only in the amount they had paid on the purchase price and the sums spent for improving the tract. The sellers and the purchasers had entered into an agreement under which all the parties hoped to benefit. However, for the purpose of indicating market value the amount set as the purchase price in the agreement was too speculative for the jury to properly consider. In *Arkansas Highway Commission* v. *Leavell,* 246 Ark. 1049, 449 S.W.2d 99 (1969), the court said: " . . . We are concerned only with present market value and not those values based upon speculative anticipation of future development."

The court also refused to give the following instruction requested by appellant:

The owner has a right to obtain the market value of the land based upon its availability for the most valuable purpose for which it can be used.

The language in the requested instruction was used by the Arkansas Supreme Court in the case of *Gurdon and Fort Smith Railway Company* v. *Vaught,* 97 Ark. 234, 133 S.W.2d 1019 (1911), but not in the context of giving instructions to the jury. The statement was made in regard to the competency of testimony offered for the purpose of proving market value.

The court in the instant case properly instructed the jury as to the law on the highest and best use of the property, and appellants are not entitled to an instruction which is fully covered by other instructions. *Bly* v. *State*, 213 Ark. 859, 214 S.W.2d 77 (1948).

After the jury returned its verdict the jury foreman reported to the court the method which the jurors had employed in arriving at their verdict:

> Jury Foreman: Okay. First, we had a round table talk, one at a time, to give our views on the trial. And, we let everybody talk as much as they wanted. And, then it was decided to try to arrive at a figure. So we had everybody write a figure on a piece of plain paper without their name, and then we gathered them and added up the total and divided by the 12, and we came out to $57,300, I believe. And, then we talked a little bit more and we decided we'd make it $60,000. And, then we had a show of hands and 10 out of the 12 jurors agreed that was what we should do and so that's what we did.

The law in Arkansas on the issue is clearly stated in *Scheptmann* v. *Thorn*, 272 Ark. 70, 612 S.W.2d 291 (1981), as follows:

> Where the jurors each submit a figure and agree in advance that the verdict will be one-twelfth of the total, the verdict is by lot and cannot be upheld. If, however, there is no agreement in advance to be bound by the procedure, but the jurors do adopt the result, it is a quotient verdict and is valid. *National Credit Corporation* v. *Ritchey*, 252 Ark. 106, 477 S.W.2d 488 (1972).

We hold that the verdict in this case is a quotient verdict and valid.

Affirmed.

CORBIN and GLAZE, JJ., dissent.