ARKANSAS STATE HIGHWAY COMMISSION *v.*
JULIAN MARTIN, INC., et al.

CA 85-118                                         701 S.W.2d 389

Court of Appeals of Arkansas
Division II
Opinion delivered December 18, 1985

*Thomas B. Keys* and *Philip N. Gowen*, for appellant.

*John M. Belew*, for appellees.

TOM GLAZE, Judge. In this eminent domain case, appellant appeals from a jury verdict and judgment in favor of appellee for $108,000.00. For reversal, appellant contends that the trial court erred in (1) permitting questioning and testimony as to the development and planned expansion of the business located on the property in question, and (2) denying motions to strike the testimony of a part-owner of the appellee and one of appellee's expert witnesses. We affirm.

In 1977, appellee purchased a tract of land south of Batesville on Highway 25, on which it began operating a trucking terminal. In October 1983, appellee purchased 5.98 acres east of and adjacent to the existing property, bringing the total tract to approximately ten acres. On May 24, 1984, appellant condemned 1.21 acres across the property, dividing it into two sections. Appellant deposited $58,500.00 into the court registry as estimated compensation for the taking.

Appellant's first point for reversal is that the trial court erred in permitting testimony pertaining to the development and planned expansion of appellee's business over appellant's objections. Appellant contends that, because it stipulated that the highest and best use of the property was for commercial purposes, there was no justification for this line of questioning. We disagree.

The latitude allowed the parties in bringing out collateral and cumulative facts to support value estimates made by witnesses is left largely to the discretion of the trial judge. *Garner* v. *Arkansas State Highway Commission*, 5 Ark. App. 134, 633 S.W.2d 710 (1982). A landowner is entitled to show every advantage that his property possesses, present and prospective, to have his witnesses state any and every fact concerning the property which he would naturally adduce in order to place it in an advantageous light if he were selling to a private individual, and to show the availability of this property for any and all purposes for which it is plainly adopted or for which it is likely to have value and induce purchases. *Arkansas State Highway Commission* v. *First Pyramid Life Insurance Company of America*, 269 Ark. 278, 602 S.W.2d 609 (1980). The credibility of witnesses is a matter to be determined by the jury, and jurors are accorded great latitude in considering testimony as to damages. Their verdict will not be set aside as excessive unless it is not supported by proof, or is so excessive as to indicate passion, prejudice, or an incorrect appreciation of the law applicable to the case. *Arkansas State Highway Commission* v. *Carder*, 228 Ark. 8, 305 S.W.2d 336 (1957).

Appellant cites *Arkansas State Highway Commission* v. *Leavell*, 246 Ark. 1049, 441 S.W.2d 99 (1969), for the proposition that we are to be concerned with only the present market value, "and not those values based upon *speculative* anticipation of future development." (Emphasis added.) The *Leavell* court, however, went on to say that, while consideration must be given to existing uses, "it cannot be seriously argued that present usage is the guideline." 246 Ark. at 1053. There, testimony was presented that the highest and best use of a tract being used as farmland was for residential purposes because the city was expanding in that direction. The court held that it was proper to value the land for building purposes if those uses had an effect on the present market value of the land.

■ Here, appellee offered testimony to show that the highest and best use of the property was as a trucking terminal. Prior to the condemnation, appellee had started expansion of its existing terminal onto its adjacent and newly-acquired tract of land. Appellee also had purchased 120 new tractors and 110 new trailers, and additional facilities were planned to accommodate them. We believe the trial court correctly ruled this testimony was admissible for the jury to consider when determining the tracts' highest and best use.[1] *See Arkansas State Highway Commission* v. *Arkansas Real Estate Company, Inc.*, 251 Ark. 96, 471 S.W.2d 340 (1971) (wherein the court upheld the admission of testimony concerning the intended development of a piece of property when the owners had begun effecting their plans before the time of taking).

Appellant's second point for reversal is that the trial judge erred in denying motions to strike the testimony of Gene Carter, a part-owner of appellee, and Gary Ennis, one of appellee's appraisal experts. It claims Carter and Ennis erroneously testified that they damaged the remaining lands and improvements because of interference with the appellee's business.

Carter owns fifty percent of the stock of appellee and has been a stockholder since 1982. His testimony dealt with the history of the company and its development, the need for expanded facilities, the nature of the land in question, and the problems which would be encountered once the new highway was completed. He never testified to any monetary damages sustained by the company.

Ennis, however, depreciated the value of the property twenty percent due to its single-purpose nature. Because of the specialized facilities existing on the property, he stated that such a depreciation was necessary to give the property "appeal in the marketplace." His estimate of the value of the land taken and damage to the remainder was $261,438.00.

---

[1] Appellant cites *United States v. Miller*, 317 U.S. 369 (1943), which states that special adaptability of land for its owner's use must be disregarded in arriving at "fair" market value. This case involved a railroad taking pursuant to a federal statute. We find no Arkansas cases which apply the *Miller* standard to takings under Arkansas law.

On direct examination, Ennis did not include damage to the business in his computations, except to describe the land as a single-purpose-use tract. On cross examination, he denied that he used frustration of the intended use of the land as an element of damage. Later on cross, after some confusion as to whether Ennis understood the questions he was being asked, the following exchange took place:

Q. You depreciated the value of the lands out there because of our interference with the trucking business, is that correct?

A. Yes, Sir.

Appellee's counsel promptly objected to the form of the question asked, stating, "[T]here has been no testimony that the business has been interfered with." Appellant then moved to strike Ennis' testimony as to damages. The trial judge, noting Ennis' testimony on direct, said that Ennis had dealt with the single-purpose nature of the land—not with damage to the business. The judge stated that, while he would not limit appellant's cross examination, he would not strike Ennis' testimony because appellant's counsel injected the business-damage issue by his questioning. The judge then denied appellant's motion. We note that, prior to trial, the judge had properly ruled that damage to the business was not a proper element, and throughout the trial, he was careful to keep such evidence from being admitted.

For reversal, appellant cites *Arkansas State Highway Commission* v. *Wallace*, 247 Ark. 157, 444 S.W.2d 685 (1969). There, the landowner testified that she considered, as an element of damage, the fact that her husband was no longer in the dairy business on the property. In reversing the trial court, the supreme court held the landowner's loss of business was not a proper element to be considered.

We fail to see how *Wallace* is applicable to Carter's testimony because he gave no damage testimony. Concerning Ennis' testimony, we believe *Wallace* is distinguishable. In *Wallace*, it was clear that the landowner's value testimony improperly included loss of business as an element of damage. Here, the parties agreed (and the court ruled) that damage to

business was not a proper element of damage. In previous testimony, Ennis specifically stated he had not included frustration to the business as an element. Instead, he properly testified to the single-purpose nature of the property and its highest and best use. It was only during a confused exchange on cross examination that Ennis—contrary to his earlier testimony—stated he depreciated the property because of appellant's interference with appellee's business.

It is well settled that a motion to strike the entire testimony of a witness is properly denied where any part of that testimony is admissible. *Arkansas Louisiana Gas Co.* v. *James*, 15 Ark. App. 184, 292 S.W.2d 761 (1985). Here, except for the questionable response by Ennis on cross examination, his testimony on value was otherwise admissible. We note that the bulk of Ennis' testimony was consistent with the testimony of appellee's two other experts. Appellant did not object to their testimony. Under these circumstances, we cannot say the trial judge abused his discretion by denying appellant's motions to strike the testimony of Carter and Ennis, and, therefore, affirm.

Affirmed.

CLONINGER and MAYFIELD, JJ., agree.