98

Larry R. WILLIAMS and Karen R. WILLIAMS, His
Wife *v.* ARKANSAS STATE HIGHWAY COMMISSION

CA 85-530                                    730 S.W.2d 245

Court of Appeals of Arkansas
En Banc
Opinion delivered May 20, 1987

*Howell, Price, Trice, Basham & Hope, P.A.*, by: *Max Howell* and *William H. Trice, III*, for appellant.

*Thomas B. Keys* and *Philip N. Gowen*, for appellee.

Donald L. Corbin, Chief Judge. Appellants, Larry R. Williams and his wife, Karen R. Williams, appeal a Howard County jury verdict of $50,000 for the condemnation in fee of twenty acres of land owned by appellants and taken by appellee, Arkansas State Highway Commission. We reverse and remand.

Appellee condemned twenty acres of a 222-acre tract owned by appellants for the relocation of Arkansas State Highways No. 4 and No. 27 around the southeast area of Nashville, Arkansas, commonly known as the "Nashville Bypass." Before the taking, the 222 acres fronted Arkansas State Highway 4 on the north and Arkansas State Highway 27 on the west. The area acquired by appellee ran north and south almost in the middle of the 222-acre tract. After the taking, the property retained its highway frontage, and gained frontage on the new bypass with four access points on both the east and west sides of the facility. This was in keeping with the specifications contained in appellee's Declaration of Taking and right-of-way plans filed in this action. Witnesses for the landowners testified to damages ranging from $403,000 to $423,000, whereas appellee's testimony alleged damages in the amount of $43,500.

The only issue raised by appellants is whether or not the trial court erred in refusing to instruct the jury as follows:

### DEFENDANTS' [APPELLANTS'] INSTRUCTION NO. A

You are instructed that the Arkansas State Highway Commission is taking the Williams' property for a controlled-access facility as defined by Arkansas law. A controlled-access facility as defined in Arkansas Statutes Annotated Section 76-2202 by law is ". . . a highway or street especially designed for through traffic, and over, from, or to which owners or occupants of abutting land or other persons have no right of easement, or only a controlled right of easement of access, light, air or view, by reason of the fact that their property abuts upon such controlled-access facility or for any other reason." As a matter of law, the Williams have no legal right of access to the controlled access facility from their abutting land other than by permission of the Arkansas Highway Department. The Arkansas Highway Department can permit access to

the highway only at certain locations designated in the plans filed in this case with the declaration of taking. The Arkansas Highway Department can revoke permission any time in the future as conditions may require. Arkansas Statutes Annotated Sections 76-2202, 2203, 2204.

Appellants' assignment of error is founded upon their argument that the jury was entitled to an instruction defining a controlled-access facility. They state the jury was entitled to know their property was condemned as a controlled-access facility and that appellee took all rights of ingress and egress with the exception of certain access points. Appellants argue the above proffered instruction correctly defines a controlled-access facility and sets forth the governing law. They state that right of access is a property right which a landowner cannot be deprived of without just compensation.

On the other hand, appellee contends that appellants have a legal right of access from their abutting lands to the bypass, and that right is not based upon the whim of the Arkansas State Highway Commission. Appellants' right of access rests upon appellee's official plans filed with the court. Appellee argues appellants' instruction was misleading in that it informed the jury appellee could revoke permission of the access at any time. The proffered instruction did not inform the jury that appellants would have a new cause of action if appellee revoked its permission. Appellee points out in its brief that there was never a controversy at trial as to the access points contained in its plan nor was there a contention on appellants' part that the facility was not constructed in accordance with the plan.

Arkansas Statutes Annotated § 76-2202 (Repl. 1981) defines a controlled-access facility as follows:

A controlled-access facility is defined as a highway or street especially designed for through traffic, and over, from, or to which owners or occupants of abutting land or other persons have no right or easement, *or only a controlled right of easement of access*, light, air or view, by reason of the fact that their property abuts upon such controlled-access facility or for any other reason. Such highways or streets may be freeways open to use by all customary forms of street and highway traffic; or they may

be parkways for [from] which trucks, buses, and other commercial vehicles shall be excluded. [emphasis added].

The record in the case at bar as abstracted reflects that the jury was not instructed by the trial court on the definition of a controlled-access facility. We believe the above emphasized language of § 76-2202 refers to and includes a partially controlled-access facility.

Both parties to this litigation cite us to the case of *Arkansas State Highway Commission* v. *Arkansas Real Estate Co., Inc.*, 243 Ark. 738, 421 S.W.2d 883 (1967), wherein the Arkansas State Highway Commission condemned a right-of-way in fee simple for a controlled-access highway across the landowners' property. The Highway Commission proffered an instruction defining a controlled-access highway in the language of the statute and stating that the highway had been constructed in accordance with certain plans on file with the highway department. The instruction further stated that if the Commission should in the future change the highway in such a way as to damage the landowners, the landowners would have a new cause of action. The landowners contended that this instruction was not perfectly drawn insofar as the record did not justify the court in telling the jury unequivocally that the controlled-access facility had been constructed in accordance with the plans. The supreme court reversed, holding that the substance of the proffered instruction should have been given. The court pointed out that in view of the necessity of a new trial, the Commission, upon proper proof, would be entitled to a correctly worded charge on the point.

■■ This court stated in *Dodson Creek, Inc.* v. *Fred Walton Realty Co.*, 2 Ark. App. 128, 620 S.W.2d 947 (1981), that a litigant is entitled to have his theory of the case submitted to the jury and that it is the duty of each litigant to prepare and request a correct instruction embodying it. We further stated that a trial court is not required to give an instruction which needs explanation, modification or qualification.

■■ We believe appellants' proffered instruction should have been given in the instant case because it was a correct statement of the law as embodied in case law and statutory authority. It was a clear expression of appellants' theory of the case, and it needed no explanation, modification or qualification.

Under the facts of the case at bar, there was no controversy as to whether the facility had been built according to the Highway Commission's plans and specifications; therefore, it would seem that the Highway Commission, upon request, and in addition to the instruction proffered by appellants, would have been entitled to express their theory of the case utilizing language found in *Arkansas State Highway Commission* v. *Arkansas Real Estate Co., Inc., supra*, instructing the jury that if the Commission should in the future change the highway in such a way as to damage the landowners, the landowners would have a new cause of action.

Accordingly, we reverse and remand for a new trial.

MAYFIELD, J., concurs.

JENNINGS and CRACRAFT, JJ., dissent.

MELVIN MAYFIELD, Judge, concurring. I concur in the reversal and remand of this case. The point presented by the briefs is not difficult. Both parties agree that the Commission has taken, for highway purposes, a strip of land out of the center of 222 acres owned by the appellants. The strip taken completely severs the 222-acre tract and was taken in fee simple; however, the declaration of taking does provide access, at two separate points, from each side of the remaining tract to the highway to be constructed. Although the point is not in dispute in this case, it should be noted that the Arkansas Supreme Court has held that the "lessened accessibility" from one side to the other of severed property is a compensable element of damages. *Arkansas State Highway Commission* v. *Wallace*, 249 Ark. 303, 459 S.W.2d 812 (1970). Also, in *Arkansas State Highway Commission* v. *Marshall*, 253 Ark. 212, 485 S.W.2d 740 (1972), where the Commission took 31.7 acres in fee simple from a 60-acre tract leaving four residuals of 5 to 15 acres each, the court said that the lands were taken to construct a controlled-access highway facility which impaired the access rights of abutting landowners and noted it had said in a previous case that the right of access is a property right for which the owner cannot be deprived without just compensation, and the court specifically refused to reconsider its position on that issue.

The only question presented by the parties in this case is

whether the appellants' requested instruction, set out in the majority opinion, should have been given to the jury. The appellee's contention is that the instruction is wrong at the point where it says that appellants "have no legal right of access to the controlled access facility from their abutting land other than by permission of the Arkansas Highway Department." The appellee's argument is that the appellants *do have a legal right of access* from their abutting land, "not based on the whim of proper authority in the Highway Department" but on the official plans of the Department filed in the trial court. Also, appellee says the instruction did not tell the jury that if the access given by the plans were "revoked" the appellants would have a new cause of action.

I think the majority opinion is clearly correct in holding that the trial court erred in refusing to give appellants' requested instruction. What the appellee really says is that the trial court did not err in refusing to give the instruction because the instruction is not a complete statement of *all the law*. It has been recognized that "it is generally impossible to state all the law in one instruction," *Williams* v. *Cooper*, 224 Ark. 317, 321, 273 S.W.2d 15 (1954), and that it is not error to refuse to give an instruction when the subject is covered by other instructions given, *Hopper* v. *Denham*, 281 Ark. 84, 88, 661 S.W.2d 379 (1983). However, in the present case, there was no instruction given by the court dealing with the issue of the Highway Department's right to change the points of access to the controlled-access facility. In view of the fact that Ark. Stat. Ann. § 76-2203 (Repl. 1981) allows controlled-access facilities to be altered under certain conditions and that the Supreme Court of Arkansas has held that "lessened accessibility" from one side to the other of property severed by a highway is an element of damages, and that the access of abutting landowners to a highway constructed across their land is a property right that cannot be taken without just compensation, I think the jury was entitled to know that it was possible for the appellants' access to the highway to be changed. In my view, it was the appellee's responsibility—not the appellants' responsibility—to request the instruction about the right to bring a new cause of action if the existing access points are changed.

The dissenting opinion raises some questions not raised by the appellee. It suggests the appellants' requested instruction was

not completely correct. Indeed, it suggests that it was misleading and not "impartial, and free from argument." However, even if any of these suggested defects are valid, they could have been eliminated if the appellee had requested an instruction to tell the jury that the appellants would have the right to bring a new cause of action if the existing access points were changed. But the Arkansas State Highway Commission does not argue that the appellants' instruction contained these suggested defects. Based on what the Commission thought proper to contend in this case against citizens whom it serves, I agree that the judgment in this case should be reversed and remanded.

JOHN E. JENNINGS, Judge, dissenting. Today we discover error where none exists, and return this case to the circuit judge to retry it before another jury. The instruction which we require to be given on retrial is neither necessary nor appropriate.

The landowners' requested instruction is set out in the majority opinion. It is a combination and rephrasing of parts of three statutes. The majority decision is based on the premise that, in an adversary proceeding, each side is entitled to present its theory of the case to the jury by way of instructions. It accurately identifies the landowners' theory of the case, *i.e.*, that they were entitled to compensation for denial of the right of access to the new highway. The problem is that the landowners' theory of the case is wrong, as a matter of law.

It is true that when a controlled access highway is built over an existing road to which the abutting landowner had access, the landowner is entitled to compensation for the loss of access brought about by the change. *See* 3 Nichols, *The Law of Eminent Domain* § 10.2211[2], at 398 (Rev. 3d ed. 1985), and *Arkansas State Highway Commission* v. *Kesner*, 239 Ark. 270, 388 S.W.2d 905 (1965). It is also true that the lessened accessibility from one side to another of severed property is a compensable element of damages. *Arkansas State Highway Commission* v. *Marshall*, 253 Ark. 212, 485 S.W.2d 740 (1972). But where an entirely new limited-access highway is built and there is no loss of access to a prior existing highway, the landowner is not entitled to compensation for the loss of access to the new highway. The state should not have to compensate the owner for the loss of a right of access which he never had. *See* Clarke, *The Limited Access*

*Highway*, 27 Wash. L. Rev. 111, 122 (1952).

The Wisconsin Supreme Court clearly stated the distinction in *Carazalla v. State*, 269 Wis. 593, 71 N.W.2d 276 (1955) (opinion on motion for rehearing):

> [T]he limiting of access to a public highway through governmental action results from the exercise of the police power, and that in the case of a newly laid out or relocated highway, where no prior right of access existed on the part of abutting land owners, such abutting land owners are not entitled to compensation. On the other hand, . . . where an existing highway is converted into a limited-access highway with a complete blocking of all access from the land of the abutting owner, there results the taking of the pre-existing easement of access for which compensation must be made through eminent domain.

269 Wis. at 608B, 71 N.W.2d at 278.

The denial of access to a new freeway does not amount to a taking, and every state which has considered this issue has so held, with the possible exception of Alabama. *See* Stoebuck, *The Property Right of Access Versus the Power of Eminent Domain*, 47 Tex. L. Rev. 733, 740 (1969). *See also* 3 Nichols, *The Law of Eminent Domain* § 10.2211[4] at 402.9.

Another equally serious difficulty with the offered instruction is that it tells the jury that the highway department can revoke its grant of limited access to the highway at "any time in the future as conditions may require" without telling the jury that this would give rise to a new cause of action for the landowners. The jury might well have inferred from the instruction that they ought to compensate the landowner in this trial for the possible revocation of access rights in the future. *Arkansas State Highway Commission v. Arkansas Real Estate Co., Inc.*, 243 Ark. 738, 421 S.W.2d 883 (1967), lends no support to the majority's decision. Although the supreme court there approved the giving of a definition of a controlled-access highway in the language of the statute, the instruction included the language that the landowners would have a new cause of action should the commission change the highway in the future so as to damage them. Because the instruction in the case at bar was incomplete, it was

misleading. It is not error to refuse to give an offered instruction which is incomplete. *Reynolds* v. *Ashabranner*, 212 Ark. 718, 207 S.W.2d 304 (1948). Nor is it error to decline to give a misleading instruction. *Arkansas State Highway Commission* v. *Lewis*, 258 Ark. 836, 529 S.W.2d 142 (1975).

The landowners may have sought this instruction because of the persistent argument by the highway commission that this was a "partially controlled-access" highway. The landowners are correct as matter of law that under Ark. Stat. Ann. § 76-2202 (Repl. 1981) this is a "controlled-access facility." But assuming the landowners were entitled to have the court give the statutory definition of a controlled-access facility, they may not complain of the court's failure to give the defining instruction, because the instruction they offered was clearly wrong. *Dodson Creek, Inc.* v. *Fred Walton Realty*, 2 Ark. App. 128, 620 S.W.2d 947 (1981).

The case at bar bears some similarity to *State* v. *Frost*, 456 S.W.2d 245 (Tex. Civ. App. 1970). *Frost* was an eminent domain case in which the landowner requested, and the trial court gave, an instruction, apparently in statutory language, telling the jury of the highway commission's legal authority to restrict access to a controlled-access highway and to deny access in the future.

The Texas court of civil appeals said:

> [W]e feel that the trial court's giving of instruction number 5 to the jury is reversible error, and so confused and abridged the appellant's position in this case that a new trial is required. . . . [T]he instruction would lead the jury to award non-compensable damages under the police powers and the laws of the State. . . . The jury might logically have believed that access was then being taken away by the State Highway Commission, and that damages should be assessed accordingly. . . . Of course, Sec. 2 of said statute above, does empower the Highway Commission to alter or deny access except at specific points designated by the Highway Commission, but right of compensation of the landowner is given if and when such powers are invoked. There is clearly no requirement that such powers ever be exercised.

456 S.W.2d at 256.

The adoption of the Arkansas Model Jury Instructions for civil cases provides guidance for the trial courts in many areas. Eminent domain is one of the areas of the law which is not covered by AMI. The supreme court has directed that when instructions must be used which do not appear in AMI they shall be "simple, brief, impartial, and free from argument." *Twin City Bank* v. *Isaacs*, 283 Ark. 127, 672 S.W.2d 651 (1984). The offered instruction was not impartial.

Finally, the instruction was abstract and therefore need not have been given. *Arkansas State Highway Commission* v. *Lewis*, 258 Ark. 836, 529 S.W.2d 142 (1975).

For the reasons stated, I respectfully dissent. I am authorized to state that Judge Cracraft joins in this opinion.

CRACRAFT, J., joins.